State vs. Johnson et al.

No. 1080.

THE STATE OF LOUISIANA VS. JAMES JOHNSON ET AL.

Indictment concluding with the words "against the peace and dignity of the State," complies with requirement of Art. 86 of the Constitution.

As to distinction between day and night, time is of essence of the crime of burglary, but not as to date of week, month or year; and the court did not err in allowing amendment of indictment as to such date, under § 1047, Rev. Stat.

Although a confession made by one of two joint defendants might not be admissible as a confession against the other until proof of conspiracy, yet when made in the other's presence and implicating him and not denied by him, it may go in as a tacit admission by the latter, in absence of objection on the ground that he was under arrest on the charge at the time, and, therefore, had the right to be silent.

Proof by a witness, of subsequent statements made to him by the co-defendant, is hearsay and properly excluded.

APPEAL from the Twelfth District Court, Parish of Grant. *Barbin*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

1. Robbery is not prescribed by one year. R. S. § 2814.
2. The terms "against the peace and dignity of the State" and "against the peace and dignity of the same," in an indictment, are equivalents, and may be used indiscriminately.
3. A confession of a co-defendant may be used in evidence against both the accused, when evidence has gone to the jury that they had acted, in the perpetration of the crime, together.

4. The indictment may be amended as to time, when there is a variance between the time laid and that proved, when time is not of the essence of the offence. R. S. 1047.
5. Hearsay evidence is admissible.

*Thorpe, Peterman & Thorpe* for Defendant and Appellant:

1. All criminal prosecutions must conclude in the words: "against the peace and dignity of the same." Art. 86, Constitution of Louisiana.
2. The confession of one of two accused persons is not admissible in evidence against the other. 26 An. 513; 29 An. 354; 30 An. 919.
3. Where time is of the essence of the offence charged, an amendment to an indictment changing the date of the commission of the crime alleged therein, cannot be made after a jury has been empanelled and testimony has been taken. Secs. 1047, 1063, Revised Statutes.
4. Evidence offered on the part of the defence to prove that a confession which the witnesses for the prosecution had testified was voluntary, was made under duress and extorted by violence, is admissible.

The opinion of the Court was delivered by

FENNER, J. James Johnson and Richmond Harris were jointly indicted for burglary. Johnson escaped. Harris was tried alone and was convicted of larceny, from which conviction he appeals.

1. It is difficult to treat seriously the earnest argument in support of the motion to quash the indictment, on the ground that it concludes with the words " against the peace and dignity of *the State*," instead of those " against the peace and dignity of *the same*," used in Art. 86 of the Constitution. Obviously, the antecedent to which the words " the same," as employed in the Constitution, refer, is *the State*, and those words were there used simply to avoid tautology. The most exacting precision should be satisfied when, even at the sacrifice of euphony and rhetorical rules, the violation of the peace and dignity of the State is asserted in express terms, rather than by mere reference. If courts should tolerate such verbal objections, the criminal pleader might exclaim with the Melancholy Dane, " we must speak by the card, or, by 'r lady, equivocation will undo us ! "

2. An exception is presented to the ruling of the Court permitting the State to amend the indictment so as to show that the offense was committed on a different date from that stated in the indictment. We think the allowance of such an amendment clearly lay within the discretion of the court under Art. 1047, Revised Statutes. As to the distinction between day and night, time is of the essence of the crime of burglary, but not as to the date of the week, month or year.

3. Another exception appears to the admission of the testimony of one Collins, offered to prove that Johnson had voluntarily confessed to him that he and Harris had jointly committed the crime. The objection was on the ground that there was no evidence of conspiracy,

and that, therefore, the confession was admissible only against the party who made it. Regarded as a confession simply, there might be force in this objection, but the Judge, in his reasons for overruling it, states that Harris was present when the statement of Johnson was made, and made no denial thereof. This brings the case within the rule of tacit admissions. It does not clearly appear that Harris was under arrest or in custody under the criminal charge at the time, nor was any objection on that ground urged. The case is not, therefore, within the rule of Diskin's case, 34 An. 919.

4. The last bill of exceptions was taken to the exclusion of testimony of a witness offered by defendant to prove subsequent declarations of Johnson, to the effect that his former confession was not voluntary, but extorted by duress and violence.

Direct evidence to show circumstances of duress and violence under which Johnson's statement and Harris' failure to deny had taken place, would have been undoubtedly admissible. But it seems clear that the mere subsequent statements of Johnson as to those circumstances, not made under oath and sought to be proved by a third person, were hearsay and inadmissible under any theory.

Judgment affirmed.