## No. 9580.

### THE STATE OF LOUISIANA VS. ADOLPHE FONTENETTE.

Where the blank for the year in an indictment is unfilled, the State may amend by inserting the proper year even after the evidence has closed.

In charging the crime of an assault with intent to commit a rape, it is not duplex pleading to charge a battery as well as an assault. The assault is a component part of the crime, an ingredient of it, and the battery is only an aggravation of the assault, both being the acts of the accused while endeavoring to carry out his intent to commit the more heinous crime.

A PPEAL from the Twenty-fifth District Court, Parish of Lafayette. DeBaillon, J.

_M. J. Cunningham_, Attorney General, and _R. C. Smedes_, District Attorney, for the State, Appellee.

_Mouton & Martin_ for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of an assault with intent to commit a rape and was sentenced to twenty-three months' confinement at hard labour.

After the evidence was closed the District Attorney moved to amend the indictment by inserting the year 1884 in the blank, thus conforming the indictment to the proof, to which the defendant reserved a bill.

Among the many beneficial amendments of criminal practice made by our statutes is that which enacts that no indictment for any offence shall be held insufficient for omitting to state the time at which the offence was committed unless time be of its essence, nor for stating the time imperfectly or on a day subsequent to the date of the indictment or an impossible day. Rev. Stats. sec. 1063. And when objection is made to any defect in the indictment apparent on its face the court is autorized to amend it forthwith. Ibid. sec. 1064.

The provisions amply justify the amendment complained of. State v. Williams, 31 Ann. 146; State v. Johnson, 35 Ann. 842.

38 61
48 268
38 61
50 1348
38 61
e120 381

The motion in arrest is for duplicity in that two separate and distinct offences are charged in one count.  The charge is that the defen- ·dant "violently, maliciously and feloniously did make an assault upon the person of one Althea Dubois with the intention her, the said Althea Dubois, then and there violently, maliciously and against her will, to ravish and carnally to know, and further that said Fontenette, her, the ·said Althea Dubois, then and there did beat and illtreat and other wrong to her did, contrary, etc."

The defendant's contention is that with the more serious charge there is coupled another of assault and battery.

The objection is not well taken.  Our statute is very succinct—whoever shall assault another  *  * with intent to commit rape shall, etc. Rev. Stats. sec. 792.  The crime has to be construed according to the ·common-law and we look to the common-law for the form of the indictment unless our own statutes have otherwise ordered.  Rev. Stats. .sec. 976.  The common-law form usually charges the assault with the addendum of "beat and ill-treat" before the charge of rape and is the better way, 1 Archbold Cr. Pr. and Pl. 1011, though it is sometimes ·charged as in this indictment.  Wharton's Precedents, 127-8.

The crime charged is not committing a rape, which is a distinct of- .fence punishable with death.  Rev. Stats. sec. 787.  It is an assault with intent to commit the more heinous crime and the assault must therefore be charged.  Even if a battery be charged as well as an as- .sault, as was done in this indictment, it is not bad for duplicity because .the battery is part of the assault.  It is the act or one of the acts of .the accused done at the moment he was endeavoring to carry out his .intent to commit the rape.

Judgment affirmed.