State vs. Travis et als.

No. 9861.

THE STATE OF LOUISIANA VS. QUINCY TRAVIS ET ALS., PRINCIPALS, AND W. E. PRATT ET ALS., ACCESSORIES BEFORE THE FACT.

Where a number of persons are on trial charged in one indictment with arson—the burning of a court-house—some as principals and the others as accessories before the fact, evidence is admissible as against two of the parties to prove that, when the building was burned, there were two indictments on file therein against them for other crimes, in order to show a motive for the commission of the arson and as a circumstance going to establish their guilt; and this fact can be proved without first showing a conspiracy between the parties. The question of conspiracy is not involved.

Where there had been a conversation between a witness and one of the accused in a matter bearing on the charge being tried, it is permissible to give the entire conversation, and the witness is not to be restricted to what the accused said to him.

Where, after the State had closed, a motion is made to discharge one of the accused for the purpose of making him a witness for the others, on the ground that no evidence had been adduced against him the determination of the motion rests largely within the discretion of the trial judge, and where it is refused for the reasons stated by the judge that there was inculpatory evidence against him, the ruling will not be disturbed, unless it is made clear that it was unfounded and arbitrary.

Where an indictment contains a charge against certain of the defendants as principals and another charge against others as accessories, it is sufficient that it close with the usual words " contrary to the form of the statutes, etc ," and this language need not be repeated after each count.

APPEAL from the Fourth District Court, Parish of Winn. *Bridger*, J.

*M. J. Cunningham*, Attorney General, and *Geo. Wear*, District Attorney, for the State, Appellee.

*B. P. Edwards* and *Patterson & Dormon* for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. Quincy Travis and Richard Travis, as principals, and W. E. Pratt as accessory before the fact, were convicted of arson—the burning of the court-house of Winn parish—and appeal from a sentence imposed of seven years imprisonment at hard labor.

I.

Our attention is first called to several bills of exceptions, taken to the rulings of the trial judge.

The first bill shows:

·That against Butler and Pratt, it was offered to show " that there were indictments pending and on file in the court-house at the time it was burned—offered for the purpose of proving a motive for the arson charged and a circumstance tending to show their guilt."

It was objected to on the ground that there had been no conspiracy proved, and that motive could not be proved until a conspiracy had been established.

The objection was overruled and the proof admitted.

The ruling was proper. There was no force or even pertinency in the objection.

The burning of the court-house had been proved; and the judge states that it had been shown that the burning was the act of an incendiary or incendiaries.

. The proof was offered solely against the two accused, who were under indictment for another offense, the indictments alleged to be on file in the court-house when burned.

There was no question of conspiracy in the matter. Had proof been offered of some statement made or some act done by one of the accused out of the presence of the other, intended or calculated to implicate the latter in the crime charged, then it would be proper and legitimate to invoke the principle that proof of such statement or act could not be shown to affect the accused not present until a conspiracy between the two had been shown at least by *prima facie* proof.

Here the fact sought to be proved did not involve the act or the statement of either of the accused.

They were charged with the burning, or the procuring the burning of the court-house, and it was important and entirely proper to show that there were documents in the building burned that involved and necessitated their prosecution for crime and therefore they were specially interested in destroying them and, in other words, that there was a powerful motive for the perpetration of the act charged against them; and that proof of such motive would, in itself, be a circumstance tending to establish their guilt. As stated there was no error in the ruling.

2. The second bill of exceptions shows that a witness on the stand was proceeding to relate a conversation between himself and Pratt, one of the accused, who, after testifying to a statement or proposition made to him by the accused, was on the point of giving the accused's reply thereto, when such reply was objected to as irrelevant.

We think, under the facts detailed by the judge, that it was proper to give the entire conversation.

There is no rule of law that excludes the reply of a witness to a question, proposition or remark of an accused. If such reply or the fact or statement embraced in it is silently or expressly acquiesced in,

it may be just as legitimately used against the accused and affect him, as if the words were spoken by himself.

The testimony was properly admitted.

3. On the cross-examination of one of the State witnesses, he was asked about the arrest of a Mrs. Weaks, not a party to this prosecution, and how she was treated. It was objected to, and the court refused to permit the questions to be answerd. His ruling was correct, since the proferred evidence was clearly irrelevant and was offered solely in the interest of Kelly, one of the accused on trial, who was acquitted.

## II.

There was a motion for a new trial filed and overruled. The grounds of the motion were :

1. That the verdict was contrary to the law and the evidence.

As we have often said before, we are powerless to review the ruling on this point. The trial judge asserts in the reasons for his ruling that this was not true; that the guilt of the parties was established beyond all doubt. We cannot gainsay it; in fact, can say nothing about the facts or the proof.

2. The second ground is to the effect: that, after the State's evidence was closed, there was a motion to discharge Stringer, one of the parties tried, for the reason that there was no evidence inculpating him ; his discharge at this stage of the trial being desired in order to procure the testimony of Stringer's wife in behalf of the other accused.

The judge refused the motion to discharge, for the reason stated by him that it was not true that there was no evidence against him (Stringer). That there was evidence against him and to such an extent, that no case was presented for a special verdict in his favor. The judge's finding on this point is final. Wharton Cr. Law, 3d ed. p. 1036 ; 27 Ann. 395.

3. That, by the acquittal of Stringer, Mrs. Stringer has become a competent witness, and that on another trial the accused could prove by her an alibi. The accused swore to this, but they were not supported by the affidavit of Mrs. Stringer or any other corroboration as required. State vs. Edward, 34 Ann. 1012. Besides, Stringer himself had sworn to the same effect, and that of his wife would have been merely cumulative. 6 Ann. 652 ; 7 Ann. 284.

The new trial was properly refused.

## III.

There was a motion in arrest of judgment, substantially on the ground that the information contained one charge against some of the accused as principals in the crime, and another charge against the others as accessories before the fact, and that the charge against each should have concluded with the words "contrary to the form of the statutes and against the peace and dignity of the State." Such language is found at the close of the indictment, and that suffices. Archbold, Cr. Prac., 8th ed., p. 71.

We can find no ground of relief for the accused in the entire proceedings.

Judgment affirmed.