*1355 The opinion of the court was delivered by
Miller, J.
The defendant appeals from the sentence for shooting with intent to murder, and relies on numerous bills of exception.
One of the grounds in arrest of judgment was that the information was filed more than one year after the commission of the offence, and there was no averment sufficient to defeat the prescription applicable to the prosecution. This ground has been earnestly pressed and presents some difficulty. The law prescribes prosecutions for offences including that charged in this ease, unless the offence is prosecuted within one year from the time it has been made known to a public officer having authority to direct a public prosecution. Revised Statutes, Sec. 986, amended by Act No. 50 of 1894. It is, of course, essential when one year has elapsed since the offence was committed to insert in the indictment or information the averment to remove the bar of prescription. There has been some discussion as to the burden of proof on such an averment, but the necessity of the averment admits of no dispute. State vs. Barrow, 31 An. 694; State vs. Barfield, 36 An. 89. In this case the allegation is that the aforesaid offence has “ just come to the knowledge of ah officer having authority to prosecute.” It is insisted that this is not sufficient; that non constat the knowledge may have come to other officers with power to direct the prosecution, and the words that the offence had just come to the knowledge of the officer, it is urged, are not equivalent to the averment of the preferring of the information within one year from the time the offence was made known to the public officer or officers. Undoubtedly the averment might have been more formal. State vs. Barrow, 31 An. 693. We are referred to the text writers who distinguish between “ immediately ” and the greater precision requisite when time is an element of the offence. Again, “ then and there,” referring to the commission of the offence, can not be substituted by such a word as “immediately.” We do not think the same exactness is to be applied to an averment negativing prescription. The word “just,” as an adverb of time, is equivalent -to “ at this moment,” or the “least possible time since,” as Webster defines the word. Again, to aver that the offence has just come to the knowledge of “an” officer with authority to prosecute implies, we think, that which would be conveyed by the more explicit form of statement, it had not been made known to “any” public officer. *1356 Again, it is urged that the word “ officer” only is used, not public officer; but that omission is supplied, we think, by the addition, with the authority to prosecute. While we are sensible the averment in this information is open to some objection as to form, we do not think the mode of statement adopted by the pleader furnishes the basis to arrest the judgment.
There were reserved bills of exception to the admissibility of testimony to show that a message was sent to the accused by the manager of the plantation on which the shooting occurred, and exceptions were also reserved to testimony of the character of this message and to the reply the message elicited. We gather from the bills that the messenger was directed to tell the accused, a laborer on the plantation, in substance, to go into the field or leave the plantation; that the accused gave the messenger an impudent answer, and a short time after the shooting occurred. We group the bills dealing with the admissibility of this testimony. It is contended the sending of the message, the direction of the manager to the messenger and his statements to the accused — i. e., the delivery of the message, were inadmissible against the accused. Some criticism is in the brief of the reasons given by the court for admitting the testimony. But in considering the question raised by the bill we can give weight to the relation the testimony bore to the charge against the accused. The'testimony tended to show the circumstances under which the prosecuting witness came into contact with the accused on the morning of the shooting. It placed him in the attitude of bearing a peaceful message from the manager of the plantation to the accused. The jury, we think, were entitled to be placed in possession of the visit of the accused shortly preceding the shooting the subject of investigation and closely connected with it. It better enabled the jury to reach a conclusion. We see no error in the ruling of the court on this point.
The answer of the accused to the message was well calculated, it is urged, to prejudice the accused. It was sent by the negro laborer to a white man — the manager. It was commented upon, it is claimed, to the prejudice of the accused before the jury of white men, and was well calculated to withdraw their attention from the charge in the information to the incident of the impudence of the negro. The reply preceded the shooting by a short time, but led up to it. It is urged that no statement of the accused is more than hear *1357 say, and when admissible can come in only as a confession. On the part of the State, it is contended, the reply of the accused negro, preceding the shooting but a short time, is to be deemed part of the res gestss. The lower "court, in admitting this testimony, states it was admitted to show, with other facts, the cause or motive for the shooting; that it was not hearsay; that if not connected with the shooting the jury would be instructed to disregard it; after sending the message the court proceeds to state, the accused left, returned in a short while, then the difficulty took place, the evidence disclosing the accused came up and said to the prosecuting witness: “I will show you how to talk to white folks about me,” and then shot. It thus appears that the expression accompanying the shooting was on the same line as the impudent reply, though not, it is true, as closely linked in point of time with the offence charged as the reply. In view of the statements accompanying the bill, we can not appreciate the basis for setting aside the verdict, merely because of testimony, which, if not strictly admissible, was not calculated to exert any influence additional to the testimony already before the jury as the accompaniment of the shooting.
It is urged with great earnestness that the Sec. 792 of the Revised Statutes was repealed by the re-enactment in 1896 of that section, changing the punishment. Act No. 59 of 1896. The act amends and re-enacts the section, but increases the punishment. The repealing clause is qualified, i. e., “of all conflicting laws.” We gave this subject examination in previous cases with reference to indictments pending when the amending act is passed. In this ease the indictment was after the act of 1896, for the offence committed before. If the position of the defence is maintained the effect of the act of 1896 would be a discharge of all offenders not convicted for offences under the section, committed prior to the act of 1896. That intention must be attributed to the Legislature in any argument to support defendant’s contention. It may be that the legislative intention is sometimes defeated by the language the legislator employs. But, at least, when the construction leads to a result not readily attributable to the lawgiver,'the language should be of a character to compel the inevitable conclusion, mischievous and unreasonable as is the consequence. The defence relies upon the text-books announcing the general rule that the latter statute dealing without qualification with a subsisting offence; giving it so *1358 to speak a new existence; and as some of the text writers put it, changing the punishment, or repealing in toto the subsisting statute, will end all prosecutions for offences prior to the amending or reenacting law. We reached a different conclusion as to this act of 1896. It necessarily is of prospective operation. The interpretation that commended itself to our minds was that the qualified repeal in the act of 1896 left the Revised Statutes, Sec. 792, in full force as to offences prior to the act of 1896, an interpretation which has the aid of harmonizing with the intention reason must assign to the Legislature, and that intent must surely have its weight in the construction of the statute. With the fullest appreciation of the argument addressed to us on this point, we adhere to our views before expressed of the act of 1896. State vs. Jack Young, 49 An., p. 70. Our opinion on this point disposes of the grounds in arrest conceived to be supported by the act of 1896, and of the objection that the accused was entitled to the service of the jury list secured to the accused in prosecutions carrying the punishment of the act of 1896.
On the question of the refusal of the lower court to permit a juror to be asked if he would acquit, if in reasonable doubt the accused acted in self-defence, the judge of the lower court states the juror was first asked by the counsel for the accused,“if from the evidence you have a reasonable doubt of the prisoner’s guilt you will give him the benefit of the doubt?” which elicited the answer» “ yes.” This was followed by the other question, “ if from the evidence you have a reasonable doubt whether the prisoner acted in self-defence, will you give him the benefit of the doubt and acquit?”
At this point the court sustained the State’s objections, and the ruling is placed on the ground the witness had already qualified himself by answering a long list of questions, his answer to the first including the second, and that the question assumed facts that might never be proved. We can not see there was any error in sustaining the objection to the additional question sought to be put to the juror.
The objection to the conclusion of the indictment we think is answered by the natural references intended to the body of the indictment. The case of State vs. Thomas, 30 An , p. 301, we do not think any force to the objection in this respect.
We have given attention to all the exceptions presented in the various bills, and our conclusion is the sentence must be affirmed.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.