State vs. Hardaway.

---

No. 12,912.

STATE OF LOUISIANA VS. JOE HARDAWAY.

50 1345
52 208

50 1345
111 93

50 1345
f116 829

50 1345
118 148

1. Where the book containing the entry of the minutes of the court is signed by the presiding judge at the end of the term, it suffices. Not necessary that the same should be paraphed "ne varietur."

2. The indictment charged the murder to have been committed in 1890. Before arraignment the District Attorney moved to amend by substituting 1893 for 1890. This being allowed, it is assigned as error in this court. Held, the amendment was not necessary, as time is not of the essence of the offence as here charged; and if it were necessary it was permissible.

3. After trial and conviction, what is called a motion to quash the verdict and all proceedings had in the case was filed, heard and overruled. It is assigned as error here that the minutes must show presence of accused at the hearing of this motion. Held, presence of accused only required to be shown during arraignment, trial, charge, verdict and sentence.

APPEAL from the Fourteenth Judicial District Court, Parish of Iberville. Talbot, J.

M. J. Cunningham, Attorney General, and Alex. Hébert, District Attorney, for Plaintiff and Appellee.

---

Clarence S. Hébert for Defendant, Appellant.

---

Submitted on briefs November 12, 1898.
Opinion handed down December 5, 1898.

85

State vs. Hardaway.

The opinion of the court was delivered by

BLANCHARD, J. The defendant was indicted in the year 1898 for the murder of Jules Holland. He was tried in July, 1898, and from a verdict of guilty and a sentence of death he prosecutes this appeal.

One bill of exceptions appears in the record. It was taken to the action of the court overruling what is called a motion to quash the verdict.

On the second day after the verdict was returned this motion to quash was filed. The ground for asking that the verdict be quashed, and all the proceedings had in the case be set aside, was that the book which purports to be the minute book of the court and in which the proceedings of the court for the year 1898 were recorded, was never paraphed "Ne Varietur" by the Judge. That book contained the entry of the return of the indictment for murder by the grand jury against the accused.

It is averred that the law requires District Judges to so paraph the book of minutes of their courts, and because this was not done in the instant case, it is insisted that the verdict is vitiated.

When the motion came up for trial the accused, it seems, proposed to prove that the minute book was not paraphed.

Whereupon the judge stated to his counsel that it was a fact the minutes of the court were not identified in that manner, and no evidence was necessary to show it, but that counsel could exercise his pleasure as to the introduction of evidence. He added he knew of no law requiring such paraph.

It does not appear that any evidence was, after this, offered.

The judge further stated in the bill of exceptions that the minutes of the court are duly *signed* at the end of each term by the judge.

There is no merit in the motion.

We have been referred to no law that requires the book in which the minutes of court are recorded to be paraphed "Ne Varietur," and we know of no such law. Nor is it customary. When the book containing the entry of the minutes is signed by the judge at the end of the term of his court, it is all, it would seem, that is necessary.

An assignment of errors alleged to be patent on the face of the record was filed in this court. Two grounds are averred therein for setting aside the verdict and sentence.

The first is, that on July 21, 1898, which was six days before the trial, on motion of the prosecuting attorney the indictment was

amended by changing the year of the commission of the crime from 1890 to 1893. That is to say, the word "three" was added to the words "eighteen hundred and ninety" as the same appeared in the indictment.

In this way, it is averred, the indictment, found in 1893, was, without warrant of law, changed, in 1898, to the great prejudice of the accused.

At the threshhold of the inquiry 'was this error,' we are met by the question whether or not this amendment of the indictment was essential or necessary?

It was not necessary if, under the indictment as returned by the grand jury, proof could have been administered that Joe Hardaway murdered Jules Holland, not, however, in 1890, but in 1893. And if such proof would, under the indictment, support the verdict of guilty as herein rendered, then the accused was not prejudiced by the District Attorney's motion to amend and the ruling of the court thereon.

Joe Hardaway was called on to answer to the murder of Jules Holland. It is immaterial, in the view of the law, whether he murdered him in the earlier year or the later year. In either case he is equally guilty. The substantive, important, material fact to be shown by the prosecution is that he murdered him at a time prior to the finding of the indictment. That being shown, but it appearing that the killing took place in 1893, whereas the indictment averred it to have been in 1890, must the jury return a verdict of not guilty? Surely not.

Or the evidence of the prosecution establishing the time of the homocide to have been 1893, when it was charged to have been in 1890, would an objection seasonably made on behalf of the accused to the reception of this evidence operate its exclusion, resulting in the acquittal then and there of the accused? Equally must this question be answered in the negative. Why? Because time is not of the essence of the offence as here charged.

Under the common law, whence came our forms and methods of criminal procedure, an objection such as that urged here would perhaps be held good, but modern statutory law has greatly modified the strictness of common law methods. Thus, R. S. 1048, in reference to the form and sufficiency of an indictment for murder, says: "In any indictment for murder  *  *  *  , it shall not be necessary

to set forth the manner in which or the means by which the death of the deceased was caused; it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased." And R. S. 1063 declares: "No indictment for any offence shall be held insufficient for want of the averment of any matter unnecessary to be proved * * * , nor for omitting to state the time at which the offence was committed in any case where time is not of the essence of the offence, nor for stating the time imperfectly, nor for stating the offence to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened," etc.

The next Section (1064), authorizes courts before which objection to an indictment for any formal defect apparent on the face thereof shall be taken, to cause the indictment to be forthwith amended in such particular.

This court, in State vs. Hamilton, 48 La. Ann. 1566, citing the sections of the Revised Statutes just alluded to, ruled that where an indictment furnishes a legal basis for conviction, and time is not of the essence of the crime charged, the correction of a manifestly erroneous date will be permitted.

A similar ruling was made in State vs. Pierre, 39 La. Ann. 915, and in State vs. Fontenette, 38 La. Ann. 61; see also State vs. Wallman, 31 La. Ann. 147, and 35 La. Ann. 842.

We hold, therefore, that, strictly speaking, the amendment complained of was not necessary on part of the State, and if it were, it was permissible.

It might be pertinent to add that on the day the amendment to the indictment was moved and allowed, and following the same, the accused was arraigned under the indictment as amended, without any objection thereto being raised on his behalf. And at no time during the trial did he raise any objection to the same.

The second ground set forth in the assignment of errors is that at the time the motion to quash the verdict and set aside the proceedings had in the case, heretofore referred to, was taken up for trial and tried, the accused was not present in court.

It is averred that this is shown by the minutes of that day's proceedings.

It is, perhaps, more proper to say that the minutes of the trial of the motion do not show his presence.

Was his presence in court when this motion was tried necessary? We think not.

The personal presence of one charged with crime is not necessary or required at each and every step of his case, or when each and every proceeding is taken therein.

It is only needful that his actual presence be shown during the arraignment, trial, charge, verdict and sentence.  State vs. Clark, 32 La. Ann. 560; State vs. Harris, 34 *Ib.* 121;  State vs. Gonsoulin, 38 *Ib.* 460;  State vs. Pierre, 39 *Ib.* 917;  State vs. Green, 33 *Ib.* 1408; State vs. Dominique, 39 *Ib.* 323;  State vs. White, 37 *Ib.* 173;  Bishop Crim. Proc., Vol. 1, Sec. 276.

And to this might be added the requirement of his presence at trials of motions to change the *venue*, etc., when evidence is submitted.

No witnesses were sworn and gave testimony on the trial of the motion to quash in this case.  So that the question of being " confronted with the witnesses against him," does not arise.

Judgment affirmed.