ROBERT WILLIAMS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It is not essential to the validity of a judgment of conviction in felony cases, that the *record* should show affirmatively that the defendant was personally present at the hearing of and the ruling upon his motion for a new trial.
2. Evidence examined and found sufficient to support the verdict.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Chas. B. Peeler*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

CARTER, J.:

On May 17, 1899, in the Circuit Court of Duval county, plaintiff in error was tried and convicted upon an indictment charging him with the murder of Lem Small, alleged to have been committed on March 17, 1899, in that county. From the death sentence imposed he has sued out this writ of error.

The record entries show the personal presence of the defendant at the arraignment on May 5, during the trial, and at the rendition of the verdict on May 17th, and at the sentence on May 30th, and also that upon the rendition of the verdict he was remanded to the custody of the sheriff to await the further action of the court. The record entries contain no allusion to the

motion for a new trial, but the bill of exceptions shows
that a motion for new trial was entered after the verdict
was rendered, though the exact date is not stated; that
this motion was heard and denied on May 27th, and that
the attorney for defendant was present and excepted to
the ruling, though it is silent as to the presence or ab-
sence of the defendant when this motion was heard and
overruled.

One of the assignments of error argued is as fol-
lows: "As will appear from an inspection of the record
herein this plaintiff in erorr was not personally present
in said Circuit Court when motion for new trial was
heard and denied." The motion for a new trial in this
case involved no question but the sufficiency of the evi-
dence to support the verdict, it was argued and submit-
ted by counsel for defendant without any suggestion
as to the absence of his client, if in fact he was absent,
the defendant did not request to be present, nor did he
when sentenced, or at any other time suggest to the
court that he was absent when his motion was over-
ruled. A few courts hold that the record must show the
personal presence of an accused person when his motion
for a new trial is submitted and ruled upon (Simpson v.
State, 56 Miss. 297; Hooker v. Commonwealth, 13
Gratt. (Va.) 763; State v. Parsons, 39 W. Va. 464, 19
S. E. Rep. 876; Gibson v. State, 3 Tex. App. 437), but
we are of opinion that it is not necessary to the validity
of a judgment in felony cases that the *record* should
show affirmatively that the defendant was personally
present at the hearing of and the ruling upon his motion
for a new trial. Commonwealth v. Costello, 121 Mass.
371, S. C. 23 Am. Rep. 277; Davis v. State, 51 Neb. 301,
70 N. W. Rep. 984; State v. Greer, 11 Wash. 244, 39 Pac
Rep. 874; Lillard v. State, 151 Ind. 322, 50 N. E. Rep.

383; State v. Brown, 63 Mo. 439; Dorsey v. State, 107 Ala. 157, 18 South. Rep. 199; People v. Ormsby, 48 Mich. 494, 12 N. W. Rep. 671; Territory v. Chenowith, 3 N. M. 318, 5 Pac. Rep. 532; State v. Jefcoat, 20 S. C. 383; Jewell v. Commonwealth, 22 Pa. St. 94; State v. Hardaway, 50 La. Ann. 1345, 24 South. Rep. 320. See, also, Irvin v. State, 19 Fla. 872, text 894.

The other questions presented relate to the sufficiency of the evidence to support the verdict. They were presented to the lower court by motion for a new trial and an exception taken to its refusal. We are of opinion that the verdict is supported by sufficient evidence, and that the court did not err in overruling the motion for a new trial.

The judgment is affirmed.