BREAUX, C. J.
The defendant, charged with the murder of San Gladis, was tried and found guilty, without capital punishment.
He was sentenced on the 3d day. of November, 1906, to serve at hard labor in the penitentiary for life.
He prosecutes this appeal.
The points set forth in his defense on appeal are set forth in nine bills of exceptions.
We are informed by the record that, after some of the witnesses had been sworn and examined, the defendant, through counsel, interposed the objection that the indictment charged him with having committed the homicide on the 10th day of July, 1905, while the witnesses agreed that this was not the correct date; that the date was as far back as the year 1903.
The indictment was returned into court and filed. He was placed on his trial on October 29, 1906.
Counsel followed up his objection before stated by a motion to strike out the testimony and have it entirely excluded on the ground that there was illegality in the bill of exceptions because of the error in date.
The court refused the motion and allowed the district attorney to amend the indictment so as to agree with the date given in the proeSs verbal of the coroner’s inquest.
This is not an open question. It is evident that, time not being one of the issues in an indictment charging murder, the amendment allowed by the court on the motion of the district attorney was in time.
This court has already several times decided that the allegation of the date at which the offense was committed is not a matter of substance, if the offense is not the 'one which falls within the terms of the statute of limitation or prescription.
The crime of which the defendant was found guilty is specially excepted from the limitation of time for the prevention of certain criminal offenses. Rev. St. § 986.
Of the crimes thus excepted the court said:
“Date is immaterial, provided it be averred that the murder was committed prior to the date of the indictment.” State v. Hardaway, 50 La. Ann. 1345, 24 South. 320.
In State v. Fields, 51 La. Ann. 1239, 26 South. 99, it was held that:
“In an indictment for murder, it is sufficient to charge in general terms that the accused committed the crime, without giving details as to the time or place it occurred.”
The point is without merit. Marr’s Crim. Jur. of Louisiana, p. 400, and decisions cited.
Another bill of exceptions was taken to the ruling of the court on the ground of error in permitting, the district attorney to challenge the juror Harris Robertson peremptorily after he had been accepted by the state and tendered to defendant.
The juror had not been accepted by the de *149 fense at the time of the ruling of the court excluding him.
The question has been answered contradictorily to defendant’s contention. We deem it sufficient to refer to the decisions. State v. Durr, 39 La. Ann. 751, 2 South. 546; State v. Rolan, 38 La. Ann. 18.
Another ground of defense is stated in the bill of exceptions just referred to. It was reserved to the court’s ruling to permit defendant’s counsel to propound the following question to a juror on his voir dire:
“Would you require the defendant to prove his innocence, or would you require the state to prove the guilt of the accused beyond a reasonable doubt?”
The court stated as its reason for stopping the further examination in the direction mentioned that in answer to questions propounded the juror had proved himself entirely competen^.; he was intelligent and well qualified; that he offered to let counsel ask the juror whether, after hearing all the evidence, if he had any reasonable doubt as to the guilt of the accused, he would give him the benefit of this doubt and acquit him; but that counsel had declined to avail himself of the offer. The court said that its intention was to break up a bad practice; that, if the juror had shown the least animus or want of intelligence, a full examination would have been permitted; that some of the members of the bar had carried beyond reasonable limit the right of examination on the voir dire; and that afterward they went too far in arguing before the jury, in reminding the jurors of what had been said in answer to some point brought out in the examination on the voir dire.
.The right of jurors on their voir dire should be safeguarded by the court, and they should not be subjected to a rigid cross-examination, unless the court deems it proper in case of a recalcitrant juror.
The court is vested with a large discretion in directing proceedings in the trial of a ease. There must be a limit to the examination on the voir dire. The court did not exceed the limit in this instance.
A question very similar was decided in State v. Hinton, 49 La. Ann. 1354, 22 South. 617; State v. Perioux, 107 La. 601, 31 South. 1016; Abbott’s Trial Brief in Criminal Cases (2d Ed.) p. 217, e. 31.
The court, in ruling on this point, stated, as before mentioned, “that this is not the correct practice.”
The remark was objected to by the defendant on the ground that it prejudiced his defense.
It was an utterance of the court while passing upon the objection, which does not appear to. have been of any importance as relates to the guilt or innocence of the accused.
This brings us to another bill of exceptions, which brings up a point of no merit.
The questions objected to by the defendant were:
“What were you doing when arrested? Where were you when arrested?”
The contention is that the answer which these questions provoked prejudiced the jury.
The per curiam shows that the accused fled from the scene of the homicide and had not been seen until arrested.
The accused in his testimony stated that he had not evaded the arrest and mentioned where he had been.
Under the circumstances stated by the trial judge, it was legitimate enough on the part of the district attorney to propound the questions, to which the defendant objected without good reason.
These questions were pertinent, and related directly to facts stated in the examination in chief.
Surely one who says that he was not a fugitive from justice can be asked where he was at the time and what he was doing, and that is the extent of the examination by the district attorney.
*151 We come next to the objections urged to the charge of'the court.
Defendant asked the court to instruct the jury as follows:
“Where the state relies on particular motives for crimes, as, for instance, anger, it must prove that such motive existed beyond a reasonable doubt. If the state fails in this proof, and this is the Only evidence advanced for the crime, then the jury should acquit the accused, provided they have a reasonable doubt as to the guilt or innocence of the accused from all the other evidence of the case.”
The court, in ruling, stated that the instructions requested afforded no idea of the facts — that is, were not pertinent; that the homicide was wanton. The defendant is not authorized to assume a state of facts, in order to predicate of them questions of law which have no applicability to the case.
The trial judge delivered a written charge which forms part of the record. It sets forth all that should be stated in matter relating to malice expressed or implied. Further charge upon the subject, such as that requested, could not well be required.
The court’s statement of the facts upon the particular point at issue is entirely different from ’that of defendant.
Between the impression of counsel in the haste of the trial and the statement of the court observing the developments of the case with close attention, we must accept the latter, under a well-established rule which relieves us from in any way alluding to veracity or insincerity of any one.
There was a motion made for a new trial. It suggests nothing new. It contains a recapitulation of the facts, which do not fall within the jurisdiction of this court.
A motion was made by the defendant asking the court to postpone sentence a few days in order to enable counsel to prepare his bills of exception. The court held that counsel for accused had had all the time needed in which to file the motion for a new trial. It was heard and overruled. There was no occasion or necessity for further delay before imposing sentence.
It was a matter of time.
What constitutes reasonable time for the-preparation of bills of exceptions does not. appear.
The refusal was to some extent withim the court’s discretion.
We will not state that the court erred, as it does not appear that counsel did not prepare and have signed all needful bills to bring up the lioints at issue.
There were no material points neglected. or not brought up for want of time.
For reasons stated, the verdict, sentence, and judgment appealed from are affirmed.