LAND, J.
The accused appeals from a sentence for the crime of burglary, and relies for reversal on one bill of exceptions. It appears; from the record that one Willie Morris was jointly indicted with Henderson Bell, but broke jail and made his escape.
On the trial of the cause the state called Plais Hern, a deputy sheriff, to the stand, who testified that he had found the watch, identified by the prosecuting witness, on the person of the accused; that the accused told; him he had received the watch from one Willie Morris; that the witness then and there went and got Willie Morris, and confronted, the accused with him, and again asked him from whom he had gotten the watch; and that the accused repeated that he had gotten, it from Willie Morris. Whereupon the district attorney asked witness Hem:
“What did Morris say about it?”
*551 To which question the accused objected, for the reason that Morris was not on trial, and that anything said by him after the alleged robbery was nothing but hearsay evidence. The judge overruled the objection, and the witness answered as follows:
“Willie Morris denied that he had given the watch to accused, and said that the accused had had two watches, and had offered to give him one.”
It does not appear from the recitals of the bill that the accused made any reply to said statements of Willie Morris.
The state contends that the evidence was admissible under the rule of tacit admissions, as recognized in State v. Johnson, 35 La. Ann. 844, and other cases. In State v. Dis-kin, 34 La. Ann. 921, 44 Am. Rep. 448, the court said:
“Mere silence, while a party is held in custody under a criminal charge, affords no inference whatever of acquiescence in statement of others made in his presence.”
In State v. Johnson, 35 La. Ann. 842, the same court, through the same organ, said:
“The objection was on the ground that there was no evidence of conspiracy, and that, therefore, the confession was admissible only against the party who made it. Regarded as a confession simply, there might be force in this objection; but the judge, in his reasons for overruling it, states that Harris was present when •the statement of Johnson was made, and made •no denial thereof. This brings the case within the rule of tacit admissions. It does not clearly appear that Harris was under arrest or in custody under the criminal charge at the time, mor was any objection on that ground urged. The case is not, therefore, within the rule of Diskin’s Case, 34 La. Ann. 919 [44 Am. Rep. 448].”
In the case at bar, the accused did not exercise Ms right to keep silence, but voluntarily stated that he had gotten the watch from Willie Morris, who thereupon denied the assertion, and said the accused had two watches, and offered to give him one. The whole conversation between the accused and Morris was admissible. In State v. Travis, 39 La. Ann. 357, 1 South. 817, the court said:
“There is no rule of law that excludes the reply of a witness to a question, proposition, or remark of the accused.”
It is therefore ordered that the verdict and sentence below be affirmed.
PROYOSTY, J„ dissents.