HAWTHORNE, Justice
 

 (dissenting).
 

 The defendant (relator), Charley Jones, alias Tom Turner, charged in a bill of information filed on October 29, 1936, with the crime of burglary, was tried and adjudged guilty by a jury on November 5, 1936, in the district court in and for the Parish of Pointe Coupee. On November 12, 1936, defendant was charged in a bill of information as a habitual criminal, or as a multiple offender. To this charge he entered a plea of guilty and was sentenced by the court to serve the balance of his. natural life at hard labor in the state penitentiary.
 

 On June 5, 1945, over eight years after the defendant had been tried, adjudged guilty, and sentenced to the penitentiary,
 
 *403
 
 and while he was serving his term in that institution, defendant through counsel filed a motion in the district court in which he had been tried, convicted, and sentenced, to quash the information, set aside the verdict, and annul the sentence. This motion was tried and by the district judge overruled.
 

 Relator alleges that, after his motion had been overruled by the district court, he tendered to the district judge a formal bill of exception and also a motion for a suspensive appeal to this court, and that, upon objection by the district attorney, the judge refused to permit relator to file the formal bill of exception, refused to sign the bill, and refused to grant to defendant a suspensive appeal. Thereupon relator applied to this court for writs of certiorari, mandamus, and prohibition, which were granted.
 

 Although relator prays in his motion filed in the district court that the verdict be set aside and the sentence imposed by that court be annulled, his attack is aimed entirely at the information. He alleges (1) that said information is null and void and of no legal effect for the reason that it shows on its face that the crime charged had prescribed, and (2) that the district attorney committed reversible error by including in said information the allegations that relator had been convicted of four previous felonies.
 

 •The majority opinion points out that the entire record is now before us on certiorari, and that the record contains fatal errors patent on its face, said errors being that the information does not clearly negative prescription and is therefore fatally defective, and that to include in the information allegations of previous convictions had the effect of immediately placing the character and previous criminal record of the accused before the jury without his having taken the stand as a witness in his own behalf.
 

 The bill of information under which relator was tried and convicted in case No. 5464 on the criminal docket of the district court charges him with the crime of burglary committed on July 24, 1931. In a subsequent paragraph of this information it is alleged that the crime therein charged was the same as that charged in a bill of information filed in the same court on October 19, 1931, bearing No. 4989 on the docket of that court. The bill of information in case No. 5464 was filed on October 29, 1936.
 

 Article 8 of the Code of Criminal Procedure of the State of Louisiana, as amended by Act 21 of the Second Extra Session -of 1935, being the law in force at the time the bill of information was filed under which relator was convicted, reads as follows insofar as it is applicable to this case:
 

 “No person shall be prosecuted, tried or' pu'nished for any offense, murder, arson, rape, robbery and counterfeiting excepted unless the indictment, presentment or information for the same be found, exhibited or filed, or unless an affidavit in misdemeanor cases that may be prosecuted by affidavit, be filed within one year after the
 
 *405
 
 offense shall have been made known to the judge, district attorney or Grand Jury having jurisdiction; * * *.
 

 "Provided, that in all criminal prosecutions' an indictment or presentment found or exhibited, or an information filed, or an affidavit filed where the prosecution may be by affidavit, before the above prescription has accrued, shall have the effect of interrupting such prescription;
 
 and if any such indictment, presentment, or information or affidavit be quashed, annulled or set aside, or a nolle prosequi be entered, prescription of one year and six months, respectively, as above provided, shall begin to run against another indictment, information or affidavit based on the same facts, only from the time that said original indictment, presentment, information or affidavit was quashed, set aside, annulled or nolle prosequied.
 

 “In felony cases when
 
 six years
 
 elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried.” (Italics here and elsewhere are ours.)
 

 The crime charged was alleged to have been committed on July 24, 1931. Since the information in case No. 4989 was filed on October 19, 1931, less than one year after the offense was made known to thu judge, district attorney, etc., which fact is affirmatively shown in case No. 5464, the filing of the bill of information in case No. 4989 on October 19, 1931, had the effect of interrupting prescription, and, áfter the filing of said bill of information, the State had six years within which to try the accused for the offense named therein before it became the duty of the district attorney to enter a nolle prosequi if the accused had not been tried.
 

 I am therefore of the opinion that the State affirmatively alleged an interruption of prescription by alleging in the information under which the accused was convicted of the crime of burglary that a bill of information charging him with the same offense was filed within the prescriptive period of one year.
 

 The law requires no special form which must be followed in alleging an interruption of prescription in an indictment or information, and in the case of State v. Hinton, 49 La.Ann. 1354, 22 So. 617, this court held that it was not imperative to use the words of the statute in framing the averment to relieve the criminal prosecution from the prescription of one year.
 

 Article 8 of the Code of Criminal Procedure, as amended, quoted hereinabove, provides in plain language that the filing of a bill of information before prescription has accrued shall have the effect/ of interrupting such prescription, and this is exactly what the State has affirmatively alleged and shown in the bill of information under which the accused was convicted in this case — that is, that a bill of information was timely filed before prescription had accrued.
 

 Since the State has affirmatively shown an interruption of prescription, for the de
 
 *407
 
 fendant in this case to avail himself of a plea of prescription the burden was on him to show that prescription had not been interrupted and that it had accrued. Code of Criminal Procedure, Article
 
 9;
 
 State v. Posey, 157 La. 55, 101 So. 869.
 

 On the trial of the motion in the lower court, both relator and the State introduced in evidence the bill of information in case No. 4989, which information charged the same offense as that for which relator in this case was later convicted. The trial, judge in his return to the rule issued herein points out that the record shows that this bill of information was nolle prosequied on October 29, 1936, and that a notation to this effect, made by the clerk of court, is shown on the bill itself, filed in evidence in this matter. The information in case No. 5464 on the docket of the court charged the same crime as that charged in the bill of information in case No. 4989. The bill of information in case No. 5464 was filed on October 29, 1936, the same day on which the nolle prosequi was entered, and was therefore filed less than one year and six months after the entering of the nolle prosequi and within six years after the filing of the bill in case No. 4989, pursuant to the provisions of the Code of Criminal Procedure in force at that time. Relator has therefore failed to sustain the burden of proof. On the contrary, the State has affirmatively alleged in the information an interruption of prescription and has shown conclusively that it had not accrued.
 

 In the motion filed by relator in the trial court more than eight years after he had been adjudged guilty and sentenced to the penitentiary, and while he was an inmate of that institution, he urged the trial judge to quash the bill of information for the reason that it contained allegations that relator had been convicted of previous felonies. The majority opinion holds that such allegations had the effect of immediately placing the character and previous criminal record of relator before the jury without his having taken the stand as a witness in his own behalf, and that so to charge the previous convictions was prejudicial to the rights of the accused and constituted fatal error.
 

 Relator, having been convicted of the crime of burglary, a crime which is punishable at hard labor in' the penitentiary, had the right of appeal to this court under the provisions of Article VII, Section 10, of the Constitution, if such appeal were timely urged under Article 542 of the Code of Criminal Procedure, which provides that:
 

 “The party desiring to appeal in a criminal case shall make in open court a motion for an appeal verbally or in writing,
 
 within ten judicial, days after the rendition of the judgment complained of;
 
 * * * .”
 

 Upon such appeal, this court could have considered any errors made in the lower court during the trial, if timely objections had been made thereto and bills of exception reserved, or, even further, any errors patent on the face of the record. Relator did not avail himself of his right to an appeal, but instead has elected to file a motion to quash the bill of information in the court of his conviction many years after his trial. In my opinion, the case was dis
 
 *409
 
 posed of in that court by the imposition of the sentence, under the provision of Article 541 of the Code of Criminal Procedure that:
 

 “A
 
 case is finally disposed of by any judgment which dismisses the prosecution, whether before or after verdict, that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment,
 
 or that imposes sentence."
 

 Relator contends that this is not a habeas corpus proceeding for the reason that the court of Pointe Coupee Parish, the parish in which relator was tried and convicted, had no jurisdiction to issue a writ of habeas corpus to the keeper of the penitentiary in West Feliciana Parish, a point beyond its own territorial jurisdiction, and, further, that the keeper of the state penitentiary was not made a defendant, and that no writ of habeas corpus was ever issued herein. Due to the conclusions reached by the writer, it is not necessary to determine whether or not the district court for the Parish of Pointe Coupee would or would not have had jurisdiction of a habeas corpus proceeding in this case.
 

 If relator is correct in his contention that this is not a habeas corpus proceeding, then the motion filed in the trial court is nothing more than a motion to quash the bill of information filed therein and comes too late, under the provisions of Articles 287 and 253 of the Code of Criminal Procedure. These articles read as follows:
 

 “287. Both the demurrer and the motion to quash must be in writing, must specify the grounds upon which based and must be filed, tried and disposed of before trial on.the merits.”
 

 “253. No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. * * * ”
 

 I respectfully dissent, and for the reasons hereinabove given I am of the opinion
 
 that the
 
 rule issued herein should be recalled and dismissed, and that the judgment of the lower court overruling relator’s motion should be affirmed.