## No. 1000.

### THE STATE OF LOUISIANA VS. HYPOLITE POLITE.

This Court cannot review a verdict and judgment of the court below, on the ground that Appellant is charged in the indictment with having committed the offence on the 19th of March, 1880, and the evidence shows that the offence was committed on the 19th of March, 1881. Were this Court to review such evidence to ascertain whether the averment in the indictment was or was not properly sustained by the proof, it would be trying the case on appeal *as to the facts.*

APPEAL from the Fifth District Court, parish of Ouachita. *Richardson, J.*

*F. G. Hudson,* District Attorney, for the State, Appellee.

*J. H. Dingrave* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of murder, and sentenced to imprisonment in the penitentiary during his natural life, in accordance with the verdict rendered. From this sentence he has appealed.

The sole ground relied on in this Court for a reversal of the sentence, is that contained in a motion in arrest of judgment filed in the court below, and which is substantially to the following effect:

"That the indictment charged the offense to have been committed on the 19th of March, 1880, and the evidence showed that the offense was committed on the 19th of March, 1881."

The evidence on which this conviction rests is not copied into the record; and if it had been, it would not be, under our limited jurisdiction, within our power to review it. The motion in arrest amounts simply to this: That it alleges that the averments in the indictment with reference to the offense charged were not sustained by the evidence.

It seems too plain for argument that, with a jurisdiction expressly limited to questions of law only, this Court, even were the evidence in

the record, could not review such evidence to ascertain whether any averment in the indictment was or was not properly sustained by the proof; for that would be trying the case over again *as to the facts* by this Court; but, as the evidence on which the accused was convicted is not before us, it is utterly impossible, apart from our want of authority, to do so, to determine whether the proof was sufficient to warrant the conviction, or whether it corresponded with the averments of the indictment.

The counsel for the accused, however, contends that the evidence taken on the trial of the motion in arrest of judgment shows this alleged discrepancy between the averments of the indictment and the proof on the trial. Even if this were so, and for whatever purpose the evidence may have been offered, we cannot consider it, for that would be essentially reviewing the facts bearing on the guilt or innocence of the accused, which, by the terms of the Constitution, we are forbidden to do. In fact, we have no hesitation in saying, after a close review of the proceedings found in the record, that the motion referred to should not have been entertained by the court *a qua*—at least not as a motion in arrest of judgment—for the reason that it lacked the essential element of such a motion, in not confining the alleged irregularity or illegality to matters patent on the face of the record, to which it is strictly limited by law. We are, therefore, free to say, although it may not be necessary to the determination of this case, that all this inquiry outside of the record, and this introduction of parol evidence touching the issues raised by the motion, was irregular.

Leaving out of consideration, as we must do, all this oral evidence admitted on the trial of the motion, and confining ourselves to the record, it is a matter of no moment whether the indictment charges the offense to have been committed on the 19th of March, 1880, as from a casual inspection of the instrument it would appear to declare, or whether it originally charged that the offense was committed on the 19th of March, 1881, and the true date charged had been altered since the finding, as contended by the District Attorney. The indictment was brought into court on the 7th of April, 1881, the offense charged therein was murder, and it was entirely immaterial, as related to the guilt of the accused or of the validity of a conviction under the indictment, at which of the two dates the crime was committed. The only possible significance it could have in any case, would be in so far as it might bear on the question of prescription. In this case, it could have no such bearing, inasmuch as murder is expressly excluded by the statute from the number or list of offenses required to be prosecuted within a stipulated or limited time. R. S. Sec. 986.

The judgment appealed from is affirmed.