The opinion of the court was delivered by
Nicholls, C. J.
Defendant was indicted on the 11th of March, 1892, for cutting with intent to kill and murder. The offence is charged to have been committed on October 18, 1892, a date sub *1567 sequent to the finding by the grand jury and subsequent to the filing of the same. He was found guilty of cutting with a dangerous weapon with intent to kill, and sentenced to an imprisonment of two years. He appealed.
After the jury was empaneled the District Attorney moved to amend the indictment by substituting 1891 for 1892. Counsel for accused objected on the ground that the District Attorney was not vested with the power and authority to make such an amendment, because the amendment was as to a material fact, and because, even if permissible at all, it could not be done after the jury had been empaneled. The court overruled the objection; the amendment was made, and defendant excepted.
Defendant moved in arrest of judgment on the ground that the indictment found against him disclosed no ground or right to try him, “ in that it charges him with the commission of a future offence at a date subsequent to the sitting of said jury; that against his protest the District Attorney was permitted to amend the indictment to a year prior; that defendant had excepted and tendered his bill of exception to said action; that said amendment was one which, if not made, would have left the indictment null, void, and of no effect, and accused could not have been convicted under the same, and said amendment was a material change in the indictment.”
Counsel for the State call our attention to Secs. 1047 and 1063 of the Revised Statutes, and to State vs. Joseph Jean Pierre, 39 An. 915; 55 N. W. 199.
The first mentioned section (R. S. 1047) permits amendments of indictments to be made in different particulars whenever on or before the trial of any crime there shall appear to be any variance between the statement in the indictment and evidence offered in proof thereof.
By the secondly mentioned section (Sec. 1067) it is enacted that “no indictment for any offence shall be held insufficient for want of the averment of any matter unnecessary to be proved, nor for the omission of the words ‘ as appears by the record ’ or of the words ‘ with force and arms,’ nor for the insertion of the words ‘ against the form of the statute’ instead of ‘ against the form of the statutes ’ or slice versa, nor for that any person mentioned in the indictment is designated by a name of office or other descriptive appellation instead of his proper name, nor for omitting to state the time at *1568 which the offence was committed in any case where time is not of the essence of the offence, nor for stating the time imperfectly, nor for stating the offence to have been committed on a day subsequent to the finding of the indictment, or an impossible day, or on a day that never happened, nor for want of a proper or perfect venue; nor - for want of the statement of the value or price of any matter or thing or the amount of damages, injury or spoil, in any case where the value or price or the amount of damage, injury or spoil is not of the essence.”
The next section (Sec. 1064) authorizes courts before which objection to an indictment for any formal defect apparent on the face thereof shall be taken to cause the indictment to be forthwith amended in such particular and authorizes the trial to proceed as if no defect had appeared.
In State vs. Pierre (39 An. 915) objection was raised by the accused to the District Attorney making a correction in the indictment of the date at which the crime was charged to have been committed — by changing 1887 to 1886 — on the da^y the cause was called for trial and after the jury had been empaneled, but prior to the commencement of the trial. The date laid in the indictment for the commission of the offence was the 22d of December, 1887— a date which had not yet arrived, and hence an impossible one. The record showed that the Grand Jury only returned the bill into court on the 8th of September, 1887, making the one given in the indictment a manifestly erroneous date.
The court declared that in the crime of horse stealing the date at which it was committed was not of its essence, and that the correction was properly permitted.
On the argument of the present case counsel abandoned the position that the indictment, as originally laid, was null, void and of no effect, because of the date at which the commission of the crime was charged, but maintained that having been so charged, it could not be altered by amendment.
The indictment, as found, being admitted to have furnished a legal basis for a conviction upon it, we are of the opinion that the sections of the Revised Statutes quoted, and the decision of this court in State vs. Pierre, control the case before us.
The judgment must therefore be and it is hereby affirmed.