NICHOLLS, C. J.
The’only question presented to us for decision is whether under the indictment found on the 10th day of July, 1903, charging that the defendant, in the parish of Red River, did on the 1st day of May, 1903, unlawfully keep a grog and tippling *93 shop, and. then and there retail spirituous liquors, without previously obtaining a license, it was permissible for the state to introduce evidence that the accused had done so some time in the middle of May, 1903.
Under the authority of section 1063 of the Revised Statutes of 1876, and repeated decisions of this court, this question must be answered in the affirmative, and this answer carried with it the affirmance of the judgment appealed from. See State v. Aqudo et al., 5 La. Ann. 185; State v. Walters, 16 La. Ann. 400; State v. Wallman, 31 La. Ann. 147; State v. Polite, 33 La. Ann. 1016; State v. Kane, 33 La. Ann. 1269; State v. Johnson, 35 La. Ann. 842; State v. Hamilton, 48 La. Ann. 1566, 21 South. 232; State v. Hardaway, 50 La. Ann. 1348, 24 South. 320; State v. Ackerman, 51 La. Ann. 1213, 26 South. 80.
The judgment appealed from is affirmed.