(51 South. 846.)

No. 18,094.

STATE v. ANDERSON.

(March 14, 1910.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1017*)—APPEAL—JURISDICTION OF SUPREME COURT.

　　Where a defendant in a criminal prosecution has not been charged with an offense punishable by death or imprisonment at hard labor, and has not been sentenced to pay a fine exceeding $300 or to be imprisoned exceeding six months, this court is without jurisdiction of the appeal.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2572–2576; Dec. Dig. § 1017.*]

2. INDICTMENT AND INFORMATION (§ 159*)—AMENDMENT.

　　An indictment, charging the commission of an offense as of a date subsequent to that upon which the indictment was returned into court, may be amended on the trial.

　　[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 513; Dec. Dig. § 159.*]

3. CRIMINAL LAW (§ 1094*)—APPEAL—BILL OF EXCEPTIONS—REVERSAL—UNAUTHORIZED SENTENCE.

　　Where, upon the face of the record, it appears that a sentence has been imposed which is unauthorized by law, such sentence will be set aside by this court on the appeal, though there be no bill of exception upon the subject or motion to that effect, and the case will be remanded to be further proceeded with according to law.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; B. B. Purser, ad hoc, Judge.

Sim E. Anderson was convicted of an illegal sale of liquors, and appeals. Dismissed.

Thomas M. Bankston, for appellant. Walter Guion, Atty. Gen., W. H. McClendon, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

### Statement of the Case.

MONROE, J. Defendant was prosecuted under two indictments, bearing the numbers 1,445 and 1,446; in the one (No. 1,445) for selling spirituous and intoxicating liquor to a minor, without having obtained the consent of his parents or tutor, and in the other (1,446) for keeping a tippling shop and selling such liquor without having obtained a license. The cases were consolidated by consent for the purposes of trial, "separate verdicts to be rendered in each case." Defendant, having been found guilty as charged in each case, was sentenced in the case No. 1,445 to a fine of $500 and to imprisonment for two years, and, in default of payment of the fine and costs, to imprisonment for an additional year, and in the case No. 1,446 to pay a fine of $25 and costs, and, in default of payment, to imprisonment for 30 days. He has appealed from both sentences. The single bill of exception disclosed by the record shows that, "the only witness to the sale by Anderson" having testified that he bought a pint of whisky from defendant on April 4, 1907, and it being charged in the indictments that the sale was made on June 15, 1908 (though the indictments were returned on March 18, 1908), the district attorney moved to amend said indictments, so as to charge that the sale was made on April 4th, "as testified to," to

which defendant objected, and, the amendment having been allowed, took his bill (it may be here stated that the indictments themselves show that they were amended so as to read May 4, 1907).

## Opinion.

1. The offense charged in the indictment No. 1,446 is not punishable by death or imprisonment at hard labor (Rev. St. § 910; Act No. 66 of 1902; Act No. 107 of 1902, § 8; Act No. 176 of 1908, § 3), and "a fine exceeding $300, or imprisonment exceeding six months," has not been "actually imposed." This court is therefore without jurisdiction of the appeal. Const. art. 85.

2. Considering the appeal from the judgment under the indictment No. 1,445, we are of opinion that the amendment was properly allowed. Rev. St. §§ 1047, 1063, 1064; State v. Pierre, 39 La. Ann. 915, 3 South. 60; State v. Hamilton, 48 La. Ann. 1566, 21 South. 232; State v. Ackerman, 51 La. Ann. 1217, 26 South. 80; State v. Stover, 111 La. 92, 35 South. 405; Marr's Cr. Jur. of La. p. 428, § 249.

Upon the face of the record, however, it appears that the sentence imposed for the offense charged by the indictment No. 1,445 is unauthorized by law. Act No. 176 of 1908, § 6, provides that any person convicted of selling intoxicating liquors, etc., to minors, shall "be fined in a sum not less than $50 nor more than $500, or by imprisonment in the parish jail for not more than two years, or by both fine and imprisonment." And section 7 of the same act seems to provide, as an additional penalty, the deprivation of the right to keep a barroom, etc. But we find no law authorizing a sentence of additional imprisonment in default of the payment of the fine provided for by the section 6 above quoted.

It is therefore ordered, adjudged, and decreed that the appeal from the judgment under the indictment No. 1,446 be dismissed, and that in the appeal under the indictment No. 1,445 the sentence be set aside, and the case remanded, to be further proceeded with according to law.