LAND, J.
Selsor, Abernathy, and a porter called “Rats” were charged on information with retailing intoxicating liquors without a license in the parish of Caddo, state of Louisiana, on the 29th day of May, 1910.
Selsor moved for a bill of particulars as follows:
“First. The name of the party or of the parties to whom it is claimed the sale in question or sales were made.
“Second. The date on which it is claimed by the state such sales were made, whether the date alleged in the indictment or bill of information is the date on which it is claimed the sale or sales were made.
“Third. The place or places at which it is claimed the sale or sales were made; and
“Fourth. The nature and kind of liquors it is claimed were sold by him, whether beer, near beer, whisky,, ale, or brandy; and
“Fifth. Whether it is claimed that such sale or sales were made by defendant in person or by or through another as agent or clqrk; and
“Sixth. The quantity of liquor it is claimed he sold at each time or place, and whether the same was in the original or unbroken package or not.”
In response to the application for a bill of particulars, the district attorney answered that the alleged intoxicating liquor was “beer,” and the quantities less than five gallons. The court ruled that -the hill of par *516 ticulars- so furnished was sufficient. The accused duly excepted to the ruling.
I-Ie was granted a severance, and was tried, convicted, and sentenced.
We, are of opinion that the bill of particulars furnished by the prosecution was insufficient. Under the information, and bill of particulars, the accused might have been called upon to meet evidence of any sale of beer made by himself or by either of his codefendants, as partner, agent, or employé, at any place in the parish of Caddo, and at any time within the year preceding the filing of the information.
The accused is entitled of right to be informed of the facts necessary to enable him to prepare his defense. State v. Clark, 124 La. 966, 50 South. 811. In that case the prosecution refused to state the kind of intoxicating liquor alleged to have been sold. It seems to us that the particular time and place of sale, and the name of the seller, if known, are of equal importance. The name of the purchaser is immaterial. In the case at bar three persons were jointly charged with selling intoxicating liquors without a fícense. The defendant Selsor was entitled to be informed of the facts on which the prosecution relied to hold him responsible for his own acts, or the acts of his eodefendants, or either of them. In City of New Orleans v. Chappuis, 105 La. 179, 29 South. 721, the court said:
“There is a class of cases in which the charge may be general by reason of the special nature of the offense, but in' such cases the court or the party may require the prosecuting officer to furnish the defendant with a bill of particulars showing the particular facts relied on. -Clark, Cr. 'Proc. § 62 et seq.; Id., § 151 et seq.”
The accused having been denied the benefit of the legal right to be informed of the facts relied on by the prosecution for his conviction, the sentence must be reversed, and the case remanded for further proceedings according to law; and it is so ordered.