(54 South. 45.)

No. 18,505.

STATE v. GREEN.

(Jan. 3, 1911. Rehearing Denied Jan. 30, 1911.)

*(Syllabus by Editorial Staff.)*

1. WITNESSES (§ 274*)—CROSS-EXAMINATION— CHARACTER OF ACCUSED.

Where a witness had testified to defendant's general good character, he was properly required to state on cross-examination whether defendant had not been suspected of selling liquors without a license.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 965, 966; Dec. Dig. § 274.*]

2. WITNESSES (§ 274*)—CHARACTER WITNESS— CROSS-EXAMINATION.

A character witness can be cross-examined concerning what he has heard about defendant, though not as to his knowledge of particular acts.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 965, 966; Dec. Dig. § 274.*]

3. INTOXICATING LIQUORS (§ 223*)—WRONG-
FUL SALE—OFFENSES—OMISSION—TIME.

Where an indictment for wrongfully sell-
ing liquor without a license charged that the
offense was committed on August 4, 1910, the
state was entitled to offer evidence of a sale
made by accused on the 18th following; time
not being of the essence of the offense.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. §§ 263–274; Dec. Dig. §
223;* Indictment and Information, Cent. Dig.
§§ 540–542.]

4. INTOXICATING LIQUORS (§ 223*)—EVIDENCE
—OTHER OFFENSES.

Where under an indictment for wrongful
sale of liquors without a license, alleged to
have been committed on August 4, 1910, the
state offered evidence and relied on a sale al-
leged to have been made on August 18th follow-
ing, the state could not thereafter prove an
alleged wrongful sale in the preceding Decem-
ber.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. §§ 263–274; Dec. Dig. §
223.*]

Appeal from Sixth Judicial District Court,
Parish of Morehouse; J. P. Madison, Judge.

Nelson Green was convicted of selling liq-
uor without a license, and he appeals. Re-
versed and remanded for new trial.

Levy & Todd, for appellant. Walter Guion,
Atty. Gen., and F. M. Odom, Dist. Atty. (R.
G. Pleasant, of counsel), for the State.

PROVOSTY, J. The indictment against
defendant charges that he "did retail spir-
ituous liquors without having first obtained
a license." It is founded upon section 910,
Rev. St., reading that:

"Whoever shall keep a grog or tippling shop,
or retail spirituous liquors without previously
obtaining a license, shall," &c.

A witness for defendant having testified
to defendant's general good character was
asked, on cross-examination, whether defend-
ant had not been suspected of selling liquors
without a license; and defendant objected to
the question on the ground that "such tes-
timony was irrelevant and inadmissible and
an attempt to convict accused on suspicion."

We think the question was proper. It was
an inquiry touching defendant's reputation,
which defendant had put at issue. To in-
quire touching the rumors and suspicions
about a man prevalent in the community in
which he lives is to inquire touching his rep-
utation. Rumor and suspicion, whether well
or ill founded, is what reputation is made
of. It is the very warp and woof of reputa-
tion. Reputation is made up not so much of
what a man actually is or does as of what
he is supposed or suspected to be or do. To
inquire touching this prevalent suspicion was
therefore practically or indeed in reality to
inquire touching defendant's reputation. A
character witness may be questioned on
cross-examination concerning what he has
heard about defendant, though not as to his
knowledge of particular acts. 12 Cyc. 416.

The indictment charged that the offense
was committed on August 4, 1910. Evidence
was offered to show that defendant had sold
liquors on August 18, 1910. This evidence
was objected to as not corresponding with the
allegation. The judge overruled the objec-
tion, holding that time was not of the es-
sence. This was correct. State v. Stover,
111 La. 92, 35 South. 405.

After evidence had thus been introduced
of a sale on the 18th of August, the prosecu-
tion was allowed to offer evidence, over the
objection of defendant, of a sale in the pre-
ceding December. This was on the same
principle of time not being of the essence.

But, while time is not of the essence, so
far as fixing a date in the indictment is con-
cerned, it is of the essence so far as letting
defendant know at some stage or other of
the trial what particular offense he is being
called upon to answer. Therefore, by offer-
ing evidence of a sale made on the 18th of
August, the prosecution committed itself to
the sale of that date as being the one for
which the defendant was being prosecuted.
And, this being so, it was error to allow evi-
dence of a sale made on a different date.
The indictment being for the selling of liq-

uors, and not for the keeping of a grog, or tippling shop, each separate sale was a distinct offense; and it is elementary that evidence of other crimes than that for which the defendant is being tried is not admissible.

"Where on an indictment for illegal selling the prosecution has proved one unlawful sale, it is error to admit evidence of other sales." 9 Cyc. 269.

Had the indictment been for the keeping of a grog or tippling shop, a different question might perhaps have been presented. State v. Agudo, 5 La. Ann. 185.

In a motion in arrest defendant contended that the indictment was defective, in that it did not charge that the offense had been committed within prohibition territory. That objection can hardly have been meant seriously.

The judgment is set aside, and the case is remanded for trial according to law.