PBOVOSTY, J.
[1] The charge in this case is that the accused “did on the 24th day of August, 1912, unlawfully keep, carry on, and conduct a grog and tippling shop without previously obtaining a license.” The accused called for a bill of particulars, and in answer to this call the District Attorney stated that:
“The state expects to prove that the defendant at his place of business in the city of Lake Charles, on the 24th day of August, 1912, did *1055 sell two drinks of whisky, one at ten cents and one at five cents and one bottle of beer for the price of fifteen cents.”
On the trial the state offered this proof, but attempted to prove other sales made on the 21st of August. To this further proof the accused objected on the ground that he was taken by surprise by this further proof, as there was no allegation covering it either in the indictment itself or in the bill of particulars. We think the evidence should have been restricted to the bill of particulars. State v. Clark, 124 La. 965, 50 South. 811; State v. Selsor, 127 La. 513, 53 South. 737.
[2] The learned trial judge says in his per curiam that the district attorney did not file a written bill of particulars, but merely stated orally in open court that he would rely upon the sales mentioned in the second count of the indictment and others made on said date, and that the accused appeared to be satisfied with this vague and general bill of particulars, and that the evidence was admissible under the general statement that “other sales” would be proved. There were two counts in the indictment one as hereinabove stated for keeping a grog or tippling shop, and one for particular sales of liquors on certain specified dates. The latter count the district attorney abandoned or nolle prossed. The accused was convicted on the remaining count; but obtained a new trial on allegations of surprise and newly discovered evidence. He was again tried, and was convicted a second time. The present appeal is from the latter conviction. Our learned Brother must have understood that the written bill of particulars, the contents of which we have referred to above and which is in the record, was functus officio after the first trial, and no longer in the case, and this is what must have led him to say that there was no written bill of particulars. But we find this bill of particulars in the record, and we do not see where it has been set aside, or wherefore it has become functus officio.
The judgment appealed from is set aside, and the case is remanded for trial according to law.