(63 South. 597.)

No. 20,215.

STATE v. LEWIS.

(Dec. 1, 1913.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION (§ 149*) — DESIGNATION OF VENUE—TIME TO OBJECT.

It is not necessary to name any venue in the body of the indictment, where the state and parish are named in the margin. Rev. St. 1870, § 1062.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 496; Dec. Dig. § 149.*]

2. INDICTMENT AND INFORMATION (§ 149*) — DESIGNATION OF VENUE—TIME TO OBJECT.

Where an indictment is defective for want of "a proper or perfect venue," it may be forthwith amended, on objection made before the jury is sworn. Rev. St. §§ 1063, 1064.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 496; Dec. Dig. § 149.*]

3. HOMICIDE (§ 165*)—MANSLAUGHTER — EVIDENCE.

Where the indictment was for manslaughter and the evidence tended to show that the parties were in a boat, when a sudden quarrel arose between them, and the defendant thereupon struck the deceased on the head with an oar, and knocked him in the river, where he drowned, *held*, that evidence of amicable relations between the parties when they entered the boat was immaterial.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 319; Dec. Dig. § 165.*]

Appeal from Twenty-Fourth Judicial District Court, Parish of West Feliciana; Joseph L. Golsan, Judge.

Eddie Lewis was convicted of manslaughter, and appeals. Affirmed.

Lawrason & Kilbourne, of St. Francisville, for appellant. R. G. Pleasant, Atty. Gen., H. H. Kilbourne, Dist. Atty., of Clinton, and G. A. Gondran, of Donaldsonville, for the State.

LAND, J. The defendant was indicted for manslaughter, was found guilty as charged, and was sentenced to be confined in the state penitentiary at hard labor for a period of five years.

[1, 2] Defendant appealed, and relies for reversal on two bills of exception. One of these was taken to the action of the trial judge in permitting the district attorney to amend the indictment by inserting the words "West Feliciana" in the blanks in the body of the indictment. In the margin of the indictment, the name of the state and parish of West Feliciana appeared; and the indictment was returned by the grand jury into the district court in and for said parish. The defendant pleaded to the indictment, and made no objection to its form until after the jury had been impaneled. Section 1062 of the Revised Statutes of 1870, reads:

"It shall not be necessary to state any venue in the body of the indictment, but the state, parish, or other jurisdiction named in the margin, shall be taken to be the venue for all the facts stated in the body of such indictment."

Section 1063 provides that:

"No indictment for any offense shall be held insufficient * * * for want of proper or perfect venue."

Section 1064 provides that every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and that every court before which any such objection shall be taken may cause the indictment to be forthwith amended.

Under these plain provisions of law, the objection of the defendant came too late; and, if it had been seasonably made, the formal defect in the indictment, if necessary, could have been cured by amendment. See State v. Hamilton, 48 La. Ann. 1566, 21 South. 232.

[3] The next bill of exception reads, in part, as follows:

"Be it remembered that on the trial hereof, evidence having been offered by the state tending to prove that the defendant was quarreling with the deceased about a woman, and had struck him with an oar, knocking him out of a boat into the water, where he drowned, which was sworn to by one witness, who was directly and specifically contradicted by the defendant and his brother, the defendant offered to prove by the witness Brownlee Talbert and others that when the parties left the bank in the boat, a few minutes before the drowning, which was claimed to be accidental, they were all friendly, and that there was no quarreling, but the best of good feeling among them.

"The object of this testimony being by this circumstance to corroborate the defendant's testimony that there was no quarrel."

The objection of the prosecution that the testimony was irrelevant, under the charge of manslaughter, was sustained by the trial judge.

The charge implies a killing in the heat of blood on sudden provocation. The killing was the crucial fact. Whether the homicide was willful or accidental was a question dependent on the action of the parties at the time of the killing. The prior relations of the parties, whether hostile or amicable, were not involved in the issue before the jury. If, in such a case, the defendant can prove prior amicable relations, the prosecution can prove prior quarrels, threats, and difficulties.

Defendant offered the evidence to "corroborate the defendant's testimony that there was no quarrel" in the boat, as testified by a witness for the plaintiff. The apparent amicable relations between the parties at the time they entered the boat does not tend to disprove the testimony that a *subsequent* sudden quarrel ensued between them. It seems to us that, in a case of this kind, the previous relations between the parties, whether amicable or hostile, have no material bearing on the issues before the jury. The question before the jury was whether they should believe the state's witness, testifying positively to the quarrel in the boat,

or accept the testimony of the defendant and his brother to the contrary. Evidence of the previous relations between the parties would have tended to confuse and mislead the jury.

Judgment affirmed.