PRO VO STY, J.
The indictment against the accused charges him with having sold whisky without a license on the 20th of January, 1914, in the town of Ville Platte.
He called for a bill of particulars that should inform him of the time and place of the sale and to whom the sale was made.
The district attorney filed a bill of particulars, stating that the time and place were as stated in the indictment, and that the person was Fabius Guillory.
[1] Accused excepted to this bill of particulars as not being a compliance with the call for a bill of particulars; that in stating the place of the sale it should have mentioned “the house, square, street, or section of the town.”
This objection was overruled. The accused has not filed a brief, but, as we remember, his counsel invoked in the oral argument the decisions of this court in the eases of State v. Selsor, 127 La. 513, 53 South. 737, and State v. Clark, 124 La. 966, 50 South. 811.
In the latter case the accused called upon the state to inform him whether the claim of the state was that he sold intoxicating liquors, or that one of the soft drinks which he sold at his soft drinks stand was intoxicating, and, if the latter, then, which one of the soft drinks was claimed to be intoxicating; and it developed on the trial that the case turned upon the analysis of one of the soft drinks.
This court thought that, in fairness, the state should have informed accused that this particular soft drink was the one that was claimed to be intoxicating, in order that he might come prepared with evidence as to its ingredients.
In the instant case the accused was informed by the bill of particulars that the charge against him was that he had sold whisky to Fabius Guillory in the town of Ville Platte. What more definite information than this he could need for making his defense we cannot imagine. The house, street, or section of the town could have been of interest only if he had ■ made sales to Fabius Guillory in different houses and streets and sections of the town. He would then have had an interest in knowing which one of the particular sales was being relied upon by the state; but he does not pretend to have made several sales to Fabius Guillory, or to any one else. His contention is that he made no sale at all.
In the case of State v. Selsor, 127 La. 513, 53 South. 737, supra, there' were several accused, and the place specified in the bill of particulars was the entire parish of Caddo. Each case of this kind must stand upon its *183 own facts. All that the accused has a right to require is that the charge against him he made sufficiently definite for him to be informed of what he is called upon to answer.
[2] Fabius Guillory, to whom accused was charged with having sold the whisky, was the only witness for the state. He could not fix the date of the transaction, but he knew that it was after the 1st of January, when Yille Platte became dry territory, and before the date of the finding of the indictment. Accused objected to his testimony, on the ground that it did not correspond with the bill of particulars, which fixed specifically the 20th of January, and that “he could not be expected to properly meet it:”
This contention would lead to the conclusion that, unless the witnesses for the state in a case of this kind can fix the exact date when the liquor was sold, the accused cannot be prosecuted. Discussion of the point can hardly be necessary.
[3] For the purpose of filing, a motion to quash, the accused was allowed to withdraw his plea of not guilty, and thereafter no new plea of not guilty was entered. In arrest of judgment the accused argued that he had been tried without any issue joined. Whatever we might think of this point, if it were res nova (see Garland v. Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772), we feel constrained to hold, with former decisions (State v. Hunter, 43 La. Ann. 157, 8 South. 624; State v. Stewart, 45 La. Ann. 1167, 14 South. 143), that it invalidates the trial.
This case is distinguishable from that of State v. Louis Seals (No. 20,562) 65 South. 756, 135 La. 602. In that case the accused had not actually withdrawn his plea of not guilty.
The judgment appealed from is therefore set aside, and the case is remanded, to be proceeded with according to law.