er the assets had passed into the hands of the plaintiff bank and out of the custody of the court.

We have to agree with that view. After funds have been paid to the seizing creditor it is too late for third persons to seek to intervene and claim them. Whether Mrs. Garlick might not have a right of action against the plaintiff bank for an accounting to her for that part of these proceeds to which she was thus entitled is another question, and one upon which we express no opinion, reserving to her, however, whatever rights she might have in that connection.

[7] The husband's motion for imputation of payments we have passed over in silence, as he is without interest in the premises. And we have given no attention to the alleged defects in the appeal bond, for the reason that the appellee has not moved for the dismissal of the appeal, but, on the contrary, has filed an answer asking for the affirmance of the judgment.

The judgment appealed from is therefore amended so as to make in favor of Mrs. Garlick the reservation of rights mentioned in this opinion, and, as thus amended, is affirmed; Mrs. Garlick to pay the costs of this appeal.

### On Rehearing.

SOMMERVILLE, J. Our former decree in this case is reinstated and made the final judgment of the court.

See dissenting opinion of O'NIELL, J., 68 South. 614.

---

(68 South. 615)

No. 21141.

### STATE v. GREMILLION.

(April 26, 1915. Rehearing Denied May 24, 1915.)

*(Syllabus by the Court.)*

1. JURY ☞66—PROCÈS VERBAL—VALIDITY.

It is not legally necessary, in the procès verbal of a jury drawing, to recite the names of those stricken from the jury list for the several causes enumerated in the law, although it may be better practice to do so.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 283–290, 306; Dec. Dig. ☞66.]

2. INDICTMENT AND INFORMATION ☞87—SUFFICIENCY—TIME OF OFFENSE.

No indictment for any offense shall be held insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, or for stating the time imperfectly.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 244–255; Dec. Dig. ☞87.]

3. CRIMINAL LAW ☞1153—APPEAL—REVIEW —EXAMINATION OF WITNESS.

The discretion vested in the trial judge in permitting leading questions will not be reviewed, except in extreme cases.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066; Dec. Dig. ☞1153.]

4. WITNESSES ☞245—EXAMINATION—REPETITION OF QUESTION.

An objection to a question repeated a number of times which had called for the same answer from the witness is properly sustained.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 827, 828; Dec. Dig. ☞245.]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; A. J. Lafargue, Judge.

Avit Gremillion was convicted of selling intoxicating liquors without a license and appeals. Affirmed.

Edwin L. Lafargue, of Marksville, for appellant. R. G. Pleasant, Atty. Gen., and S. Allen Bordelon, Dist. Atty., of Marksville (G. A. Gondran, of New Orleans, of counsel), for appellee.

SOMMERVILLE, J. Defendant appeals from a judgment convicting him of having retailed spirituous and intoxicating liquors on or about the 20th day of July, 1914, without having previously obtained a license from the police jury of the parish of Avoyelles, or the mayor and council of the town of Marksville, to do so.

Bill of exceptions No. 1: Defendant moved to quash the indictment because the procès verbal of the jury commissioners failed to recite the names stricken from the list be-

cause of previous jury service, because of death, removal from the parish, etc.; and because it does not give the number of names withdrawn, or the number of names supplied.

Reference to section 6 of Act No. 135, 1898, p. 220, and to the procès verbal filed in this case, shows that the proceedings of the jury commissioners herein are in conformity with the terms of the law. The act of the Legislature does not require that the commissioners record the names of those who have been removed from the jury list for the causes enumerated in the act. The procès verbal declares that the commissioners shall supplement the original list and the ballots in the box with the names of good and competent men from the qualified jurors of the parish, for those which had been taken from the box and erased from the list, so as to keep the number of names in the general venire box and the jury list at the original standard of 300 names contained therein to serve as jurors, etc.

[1] In the case of State v. Love, 106 La. 658, 31 South. 289, we hold it not to be legally necessary to recite the names of any of those stricken from the list; but we there suggest that it would be better and safer practice to do so. But the failure to record the names thus stricken from the list has not been shown to have worked defendant any injury whatever.

Bill No. 2: Defendant next moved for a bill of particulars, asking that the time and place and person or persons to whom the sale of liquor was made should be specifically set forth. The district attorney answered that defendant on or about the day and date mentioned in the indictment sold, in the town of Marksville, at his place of business as set forth in said bill of indictment, intoxicating liquor, to wit, whisky, to one Anatole Coco. Defendant objected to the bill of particulars on the ground that no special date was specified, and that "on or about the 20th day of July, A. D. 1914," was too vague and indefinite for him to prepare a proper defense in the case.

The record shows that the question as to whether Avoyelles parish was prohibition territory or not was not involved in the case. It also shows that while defendant was a keeper of a drug store that there was no question of selling the liquor on a prescription, or for medicinal or mechanical purposes. It shows that a half glass of whisky was sold over the counter of defendant's drug store for ten cents to the party named, Anatole Coco, on or about July 20, 1914.

[2] The offense charged was the sale of intoxicating liquors without having obtained a license to do so; the date of the sale was not material to the issues in the case. The date was fixed on or about the 20th day of July, 1914, and the indictment was returned into court on November 11, 1914, within the prescriptive term. The date fixed in the indictment was sufficient to fully inform defendant of the particular offense he was to be tried for, and the time of its commission, so that he might make proper defense. State v. Green, 127 La. 830, 54 South. 45. The exact date of the sale of liquors in a case of this kind need not be testified to. State v. Doucet, 136 La. 180, 66 South. 772.

Under the authority of section 1063, R. S., and repeated decisions of this court, where time is not of the essence of the offense, or where the time is stated imperfectly, an indictment shall not be held insufficient. State v. Stover, 111 La. 92, 35 South. 405, and authorities there cited. The ruling complained of is correct.

[3] Bills Nos. 3 and 4: Defendant objected to the following questions, propounded to the prosecuting witness, on the ground that they were leading and suggestive of a specific date, and for the further reason that the questions did not call for a date that was fixed in the indictment:

"Q. It is charged here you bought some whisky from Avit Gremillion on the, on or about

the 20th of July, 1914. Did you ever buy whisky from him?"

"Did you ever buy any whisky from him in the month of July, 1914?"

The objections were overruled by the trial court on the ground that the questions involved the very issues before the court, and were entirely responsive to the indictment; and for the further reason that the witness had already testified that he had bought whisky from the defendant during the month of July, 1914, and that the witness was only called upon to reiterate what he had previously testified to. The rulings were correct.

[4] Bill No. 5: This last bill was reserved to the ruling of the court sustaining an objection by the state to a question propounded to the prosecuting witness by the defendant, to the following effect:

"Q. What I want to know is why it is you remember all those details about getting the whisky at Avit Gremillion's drug store and you cannot give any reason why you say and believe the whisky was bought in the month of July?"

The judge, in his per curiam, says:

"That the witness had been asked the same question a number of times, and every time had answered that he could not say what made him remember that he had bought the whisky in the month of July; but he was positive he had bought it in the month of July, about the middle of July, and as he persisted in answering in that way, and as that line of examination had gone far enough, and further questions on the subject would have been an abuse of the right of cross-examination, without serving any useful purpose, or obtaining a different answer from the one previously given a number of times, the objection was sustained."

There is no error in the ruling.

Judgment affirmed.