(68 South. 741)

No. 21149.

STATE v. STOVALL.

(May 10, 1915. Rehearing Denied June 7, 1915.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION ☞121—INTOXICATING LIQUORS ☞221—SALE WITHOUT LICENSE—INDICTMENT — REQUISITES — NEGATIVING DEFENSES.

In an indictment for retailing intoxicating liquor without a license, it is not necessary to anticipate and negative the defense that the intoxicating liquor was sold by a druggist, as a medicine, on the prescription of a physician and in good faith. But, when it appears that the intoxicating liquor referred to is such as is not generally sold or drunk as a beverage and that the defendant is a druggist having a right to sell intoxicants under proper circumstances, he has a right to be informed of all the facts and circumstances necessary to prepare his defense before going to trial.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. ☞121; Intoxicating Liquors, Cent. Dig. §§ 240–248; Dec. Dig. ☞221.]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

R. F. Stovall was convicted of retailing intoxicating liquor without a license, and appeals. Reversed and remanded.

Earl E. Kidd, of Winnfield, and Emerson Bentley, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was convicted of retailing intoxicating liquor without a license and was sentenced to imprisonment for six months, subject to road duty, and to pay a fine of $400, and costs, or be imprisoned twelve months longer, subject to road duty.

The indictment charged that the intoxicat-

ing liquor was sold on the 15th day of November, 1914. On the next day after it was filed, the district attorney, alleging that he anticipated a motion for a bill of particulars, filed one, alleging that the sale was made by the accused personally, in the Dodson Drug Store, in the town of Dodson; that the sale was of one pint of alcohol, for $1.50, and was made in or about November, 1914; and that he was unable to state the time more accurately. On the next day, the defendant's counsel filed a motion for a bill of particulars that would inform the defendant of the exact date when he was supposed to have sold the liquor, and state whether it would be contended that it was sold without a prescription, and the name of the person who would claim he had purchased it. This motion was overruled, and a bill of exceptions was reserved.

It is stated in the bill of exceptions signed by the trial judge that the defendant is the proprietor of the Dodson Drug Store and had a right to sell alcohol on the prescription of a physician, in good faith, as a medicine; and that for that reason, the defendant deemed it important and necessary to know whether the state would contend that the alcohol was sold without a prescription, or, if on a prescription, that it was a subterfuge merely to evade the law; and that, for this reason, it was important and necessary for the defendant to know the date of the alleged sale and to whom made.

In his statement per curiam, the trial judge says that he considered the bill of particulars sufficient because the law does not require the prosecuting officer to inform the defendant of the name of the person to whom the liquor is alleged to have been sold, and because it was recently decided by this court that the state need not allege or prove the exact date of the sale. He referred to the case of State v. Doucet, 136 La. 180, 66 South. 772. And he adds:

"Section 910 of the Revised Statutes seems to indicate that the accused may urge, as a matter of defense, that the spirituous or intoxicating liquors were prescribed and sold as a medicine, rather than to require the state to plead in the indictment that the sale was not made on the prescription of a physician. This section is a part of Act 66 of 1902."

### Opinion.

The learned trial judge is correct in his view that the state is not required to anticipate the defense that the intoxicating liquor was sold in good faith, as a medicine and not as a beverage, where the indictment does not allege that it was sold by a druggist. And he is correct in stating the general rule that the state is not required to inform the defendant of the exact date of the alleged sale if the prosecuting officer does not know the exact date. But, when the court is informed by the state that the intoxicating liquor alleged to have been sold is such as is not generally sold or drunk as a beverage, and is informed that the defendant is a druggist having the right to sell it under certain conditions, the facts presented do not constitute a crime unless the sale was made without a prescription or on a prescription used as a subterfuge to evade the law. In other words, the situation was then the same as if the indictment had charged merely that the druggist had sold a pint of alcohol in his drug store, except that such an indictment perhaps would not allege any crime or offense. If the prosecuting officer intended to prove that the sale was made without a physician's prescription, the defendant had a right to know it in order to prepare to meet the issue; and, if the district attorney expected to show that a prescription was used as a subterfuge to evade the law, the defendant had a right to be so informed in order to prepare to prove that he sold the alcohol in good faith and as a medicine and not as a beverage.

Another bill of exceptions was reserved to the ruling permitting the state's witness to

testify that he had bought the pint of alcohol "in or about the month of November, 1914." In his statement per curiam, the judge says that he admitted the evidence because the witness was unable to state the date more definitely. Ordinarily, this ruling would be correct; the objection going to the effect rather than to the admissibility of the evidence. But, under the circumstances of this case, it left the defendant very little, if any, opportunity to present his defense. The act complained of was not a crime or offense unless the alcohol was sold without a prescription or on a sham prescription. What service or benefit would it have been to the defendant to have produced a prescription without having a date to compare it with? How could he find the prescription, without first knowing the name of the person to whom the drug was sold and the date of the sale? He was not informed of the name of the purchaser until he went into the trial and was never informed of the date of the sale.

The conviction and sentence are set aside, and it is ordered that the case be remanded to the district court, to be proceeded with according to law.