(70 South. 473)

No. 21577.

STATE v. ELLIOTT et al.

(Oct. 18, 1915. On Rehearing, Jan. 10, 1916.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ☞223 — UNLAW-FUL SALE—ALLEGATION AND PROOF—DATE OF OFFENSE.

As time is not of the essence of the offense of retailing intoxicating liquor without a parish or municipal license, where the indictment charges that the offense was committed "on or about the 4th of April, 1915," and the defendant has not asked for a bill of particulars, the state should be permitted to prove that the accused retailed intoxicating liquor "just before or just after" the date mentioned in the indictment, notwithstanding the witness first testified that he had bought intoxicating liquor near the defendant's place of business on the date specified, and the district attorney had acknowledged that he could not connect the defendant with that transaction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–274; Dec. Dig. ☞ 223.]

On Rehearing.

2. INTOXICATING LIQUORS ☞223 — SALE WITHOUT LICENSE — DATE OF OFFENSE — PROOF OF OTHER SALES.

In a prosecution for selling intoxicating liquors without a license on or about a certain date, where the district attorney adduced evidence to prove a sale by defendant on said date, he committed himself to such sale as being the one for which the defendant was prosecuted, and concluded the prosecution from adducing evidence to prove another sale at a different date.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–274; Dec. Dig. ☞ 223.]

O'Niell, J., dissenting.

Appeal from Thirtieth Judicial District Court, Parish of La Salle; George Wear, Judge.

Cary Elliott and E. B. Randall were convicted of retailing intoxicating liquors without a license, and appeal. Reversed and remanded on rehearing.

J. C. Harper, of Winnsboro, for appellants. R. G. Pleasant, Atty. Gen., S. L. Richey, Dist. Atty., of Jena (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendants were indicted for retailing intoxicating liquors without a license from the parish or any municipal authority. One of them, E. B. Randall, was tried and convicted, and was sentenced to pay a fine of $400 and the costs of the prosecution and to be imprisoned in the parish jail for the term of four months, and, in default of the payment of the fine and costs, to be imprisoned in the parish jail for an additional term of two months. On appeal he relies upon four bills of exception, all relating to the one complaint, that in an indictment charging that the offense was committed "on or about the 4th day of April, 1915," the accused should not have been convicted on the evidence showing that the offense was committed a short time before or after that date.

[1] The principal state witness testified that on the 4th of April, 1915, he purchased a flask of whisky, by depositing the price at a place about 50 yards from the place of business of the firm composed of the two defendants, and by helping himself to the whisky. The defendant Randall contended that he had disposed of his interest in the firm referred to; but it appears that the internal revenue license, which, under a statute of this state, is prima facie evidence of the business of retailing intoxicating liquor, remained in the name of the firm.

The district attorney acknowledged that he could not connect the defendant Randall with the transaction referred to by the witness; but he then proceeded to prove by the same witness that he (the witness) had also bought intoxicating liquors from the defendants' place of business at another time, "just before or just after the 4th of April, 1915." The defendant's counsel objected to the introduction of this testimony under the indictment charging that the offense was committed on or about the 4th of April, 1915.

There was no merit in the objection. Time

is not of the essence of the offense of retailing intoxicating liquor without a license. The defendant did not demand a bill of particulars. The fact that the state's witness swore that he had bought intoxicating liquor near the defendants' place of business on the day mentioned in the indictment did not preclude the district attorney from proving by the same witness that he had also bought intoxicating liquor from the defendant or the firm of which the defendant was a member on another occasion shortly before or shortly after the date stated in the indictment; nor did the district attorney's acknowledgment that he could not connect the defendant with the transaction first proven prevent his proving by the same witness that another sale of intoxicating liquor was made by the defendant just before or just after the sale first proven.

The verdict and sentence appealed from are affirmed.

## On Rehearing.

LAND, J. [2] In State v. Green, 127 La. 832, 54 South. 45, this court said:

"But, while time is not of the essence, so far as fixing a date in the indictment is concerned, it is of the essence so far as letting the defendant know at some stage or other of the trial what particular offense he is being called upon to answer. Therefore, by offering evidence of a sale made on the 18th of August, the prosecution committed itself to the sale of that date as being the one for which the defendant was prosecuted. And, this being so, it was error to allow evidence of a sale made on a different date. The indictment being for the selling of liquors, and not for the keeping of a grog or tippling shop, each separate sale was a distinct offense; and it is elementary that evidence of other crimes than that for which the defendant is being tried is not admissible."

"Where on an indictment for illegal selling, the prosecution has proved one unlawful sale, it is error to admit evidence of other sales." 9 Cyc. 269.

On the trial of the case the witness for the prosecution was permitted to testify to two sales of whisky, at different times, and under different circumstances, one on April 4th (Easter Sunday), and the other shortly before or after, or some time after. That the sales were distinct is conclusively shown by the testimony of the witness that on April 4th he got whisky some 50 steps from the shop of the defendants, and at another time got whisky within said shop, and on both occasions left money on the counter of the shop to pay for the whisky.

The case comes clearly within the rule enunciated in State v. Green, supra.

It is therefore ordered that our former decree herein be vacated, and it is now ordered that the conviction and sentence below be set aside, and this cause be remanded for further proceedings according to law.

O'NIELL, J., dissents.