(71 South. 239)

No. 21764.

STATE v. McGUIRE.

(Feb. 7, 1916. Rehearing Denied March 20, 1916.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ☞223(5)—CRIMINAL PROSECUTION—ISSUES AND PROOF.

Under an indictment charging defendant with having sold intoxicating liquors without a license on February 7, 1914, which was a Saturday, the testimony of a witness that the offense charged was on Friday, between the 1st and 15th of February, 1914, is responsive, and is properly admitted.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 273; Dec. Dig. ☞ 223(5); Indictment and Information, Cent. Dig. § 548.]

2. Intoxicating Liquors ☜223(5)—Crimi-
nal Prosecution—Issues and Proof.

The testimony was as to the offense charg-
ed in the indictment, of which the defendant
was fully informed.

[Ed. Note.—For other cases, see Intoxicating
Liquors, Cent. Dig. § 273; Dec. Dig. ☜223(5);
Indictment and Information, Cent. Dig. § 548.]

Appeal from Thirteenth Judicial District
Court, Parish of Rapides; W. F. Blackman,
Judge.

Tom McGuire was convicted of selling liq-
uor without a license, and appeals. Affirmed.

Blackman, Overton & Dawkins, of Alexan-
dria, for appellant. R. G. Pleasant, Atty.
Gen., John R. Hunter, Dist. Atty., of Alexan-
dria (C. L. Whitehead, of Alexandria, and G.
A. Gondran, of New Orleans, of counsel), for
the State.

SOMMERVILLE, J. Defendant was charg-
ed with having sold spirituous and intoxicat-
ing liquors, at retail, without first having ob-
tained a license to do so from the police jury
of Rapides parish, or any town or municipal
authority thereof, on or about the 7th day of
February, 1914. He called for a bill of par-
ticulars, and the district attorney answered:

"That it is specifically charged that the said
McGuire did, on the 7th day of February, 1914,
at a dance given at the home of the said Mc-
Guire, sell three pints of whisky to one John
Whaley."

There was judgment in favor of plaintiff,
and defendant has appealed.

There is but one bill of exceptions in the
record, and it states that:

"The state put upon the witness stand only
one witness, to wit, John Whaley, who testified
that he bought from the accused, Tom McGuire,
three pints of whisky at the home of the accus-
ed, about five miles from the town of Glenmora,
in the parish of Rapides and state of Louisiana;
that this purchase occurred between the 1st
and 15th of February, according to the best
of witness' recollection, and likewise according
to his recollection, it occurred on February 7,
1914; but witness testified under cross-exami-
nation that he did know positively and beyond
any doubt that it occurred on a Friday night,
at 10 o'clock, in the month of February, 1914;
that he knew positively that it did occur at 10
o'clock on Friday, in the month of February,

1914, and that it did not occur on any other
week day; and thereupon counsel for defendant
objected to the testimony on the ground that
defendant is wholly taken by surprise by such
evidence; that the proof is not responsive to
the indictment or the bill of particulars, it hav-
ing been set forth in both indictment and bill
of particulars that the said offense, occurred on
February 7, 1914, which February 7, 1914, was
on a Saturday and not on a Friday; and that
said testimony was wholly at variance with the
date set forth in the indictment and the bill of
particulars."

[1, 2] There is but one offense set out in
the indictment: The selling of spirituous and
intoxicating liquors without first having ob-
tained a license, on or about the 7th day of
February, 1914; or, as more specifically stat-
ed in the bill of particulars, "on the 7th day
of February, 1914." And the evidence offered
by the state was as to that one offense, and
that was entirely responsive to the indictment
and bill of particulars. The testimony for
the state was not as to two or more offenses,
as was the case in State v. Green, 127 La.
830, 54 South. 45, or as was the case in State
v. Ryan, 131 La. 1054, 60 South. 681, or as
was the case in State v. Elliott & Randall,
138 La. 457, 70 South. 473.

If the indictment had read that defendant
"on Friday, the 7th day of February, 1914,
did sell intoxicating liquors," etc., the in-
dictment would have been sufficient under the
law, although the 7th day of February was
not on Friday, and the time was stated im-
perfectly, or the date was impossible; for
section 1063 of the Revised Statutes provides
that:

"No indictment for any offense shall be held
insufficient for * * * omitting to state the
time at which the offense was committed in any
case where time is not of the essence of the of-
fense, nor for stating the time imperfectly, nor
for stating the offense to have been committed
on a day subsequent to the finding of the indict-
ment, or on an impossible day, or on a day that
never happened," etc.

Friday, the 7th day of February, 1914, was
an impossible time, as Saturday was the 7th
day of February, 1914.

But it has been repeatedly held that time

is not of the essence of the offense of selling intoxicating liquors without a license; and all evidence as to the particular offense charged was admissible on the trial of the case.

Defendant was fully informed that the offense with which he was charged was the selling of three pints of whisky to one John Whaley at a dance given at the home of the defendant on the 7th day of February, 1914. In disposing of the same point in the case of State v. Doucet, 136 La. 180, 66 South. 772, the court say:

"Fabius Guillory, to whom accused was charged with having sold the whisky, was the only witness for the state. He could not fix the date of the transaction, but he knew that it was after the 1st of January, when Ville Platte became dry territory, and before the date of the finding of the indictment. Accused objected to his testimony, on the ground that it did not correspond with the bill of particulars, which fixed specifically the 20th of January, and that 'he could not be expected to properly meet it.'

"This contention would lead to the conclusion that, unless the witnesses for the state in a case of this kind can fix the exact date when the liquor was sold, the accused cannot be prosecuted. Discussion of the point can hardly be necessary."

And, in this case, John Whaley, the only witness for the state, testified that defendant sold to him three pints of whisky, at the residence of said defendant, on a Friday night, between the 1st and 15th of February, 1914. He could not fix the exact date of the transaction, but he knew that it was on a Friday night between the 1st and 15th of February, and at a dance given at the home of the defendant. The testimony was entirely responsive to the charge.

In the case of State v. Gremillion, 137 La. 291, 68 South. 615, where defendant was charged with having sold intoxicating liquors without a license "on or about the 20th of July, A. D. 1914," and the bill of particulars was couched in the same language, the court say:

"The date of the sale was not material to the issues in the case. The date was fixed on or about the 20th day of July, 1914, and the indict-ment was returned into court on November 11, 1914, within the prescriptive term. The date fixed in the indictment was sufficient to fully inform the defendant of the particular offense he was to be tried for, and the time of its commission, so that he might make proper defense."

Several authorities are cited in that opinion.

Judgment affirmed.

O'NEILL, J., concurs in the decree.