PROVO STY, J.
The accused was tried on an information charging that he “did keep a grog or tippling shop and did retail spirituous and intoxicating liquors without previously obtaining a license.” He was convicted, and has appealed.
[1] The first bill of exception was reserved to the refusal to grant a continuance. The facts are stated by the trial judge in his per curiam, and the reasons given for the refusal, as follows:
“The bill of information against defendant was filed by the district attorney on Wednesday the 21st day of March, at motion hour, and at that time he asked .if any lawyer would answer for defendant. No one being present to answer, the case was docketed for Monday, the 26th day of March. Then, on the 23d, the accused being represented in court by counsel, Blr. J. C. Cappel, who only appeared for fixing, waived arraignment, pleaded not guilty, and fixed the case for Monday, the 26th, the day previously set by 'the district attorney.
“That, the case being one originating at the parish seat, Marksville, the witnesses for the state being known by the accused; the defendant had ample time to prepare his defense, and, further, the accused’s witnesses were all summoned and appeared on the day of the trial and testified in the case. The defendant had eight witnesses to testify in his behalf besides himself.
_ “Further, that neither the motion for a continuance nor the motion for a new trial alleged or showed that, if given more time, additional evidence would be produced.”-
[2] These reasons appear to us to be all-sufficient; and, besides, the matter of granting or refusing a continuance is one largely in the discretion of the trial court, with which this court does not interfere except in highly exceptional cases.
[3] The second bill of exception reads that:
“Counsel for defendant objected to that portion of the bill of particulars which intended to show other sales of liquor other than that named in the affidavit and bill of information, on the ground that it did not conform to the affidavit and bill of information under which defendant was being tried, nor was it in compliance with a call for a bill of particulars, and that it named other dates on which liquor was sold other than in the bill of information, and asked the court to strike 'out and to not consider that portion of the bill of particulars naming said other dates.
“'Which objection and request the court overruled and refused for the following reasons, to wit:
“The charges against the accused for retailing spirituous and intoxicating liquor and keeping a grog and tippling shop, the court stated it would restrict the evidence as to the sale to the date of the information, that is, to March 18, 1917, but Would permit evidence to show sale or sales during a month previous as to the charge of keeping a grog or tippling shop.” .
In the case of State v. Green, 127 La. 832, 54 South. 45, it was held, that on a charge of *939 selling intoxicating liquors without a license the prosecution is not allowed to introduce evidence of sales made on different days, for the reason that it would be a violation of the rule that on the trial of one offense evidence is not admissible of the commission of another, separate, and distinct like offense; an'd in support of this second bill of exception the learned counsel of the accused invokes the doctrine of that case. It is not applicable, for the reason that the indictment in the instant case charges two offenses, to wit, the selling of liquors, and the keeping of a tippling shop, and the latter offense is continuous in its nature, going on from day to day, possibly from month to month, nay, from year to year; and, of course, it may be proved as it has happened; if it has been continuous from day to day for a whole year, this continuity may be established by sales made every day of the year.
State v. Ryan, 131 La. 1054, 60 South. 681, is to the effect that, even when the charge is the keeping of a tippling shop, the prosecution will be confined to one 'date, if when called upon for a bill of particulars it so confined itself. In the instant case the prosecution very properly refrained from so confining the bill of particulars.
On rehearing, the same doctrine was applied in State v. Elliott, 138 La. 457, 70 South. 473, where no bill of particulars had been filed, Justice O’Niell, who had been the organ of the court on the original hearing, dissenting, and properly, since no bill of particulars had been filed, and hence the accused could not have been misled to his prejudice, time not being of the essence in such a case.
The third bill of exception covers the same ground as the second.
Judgment affirmed.
O’NIELL, J., takes no part.