By the WHOLE COURT.
LECHE, J.
Defendant was indicted for unlawfully selling and retailing spirituous and intoxicating liquors for beverage purposes, was found guilty, and sentenced to pay a fine of $500 and to imprisonment in the parish jail for four months. On this appeal he relies for the annulment of his conviction upon three bills of exception.
Bill No. 1.
The offense charged in the indictment is alleged to have been committed on May 29, 1923. The first witness called upon to testify, as- stated by the judge in bill No. 1, fixed *917 the date as Sunday, which, according to the recital of the judge in his per curiam, would have placed it on the 29th day of April.
The testimony of the witness, annexed to the bill, is as follows:
Q. What day did you say you bought this whisky from the defendant?
A. On Sunday.
Q. What month?
A. I don’t know, sir; I rather think it was in April.
The district attorney now asked to accordingly amend the indictment. Counsel for defendant objected on the ground that the amendment could not be made after trial had commenced. The court properly overruled this objection, but the district attorney nevertheless withdrew his motion to amend. Counsel for defendant then moved to strike out the testimony of the witness, and, upon the judge’s refusal, reserved the present bill.
Bills Nos. 2 and 3.
The other two bills were each reserved to the refusal of the trial' judge to strike out the testimony of two other ■ witnesses who could not fix the month during which- the offense was committed, though each one testified that it was on a Sunday.
It was admitted by the district attorney that the 29th day of May, 1923, was a Tuesday. It further appears from the recitals of bill No. 3 that these three witnesses were th'e only witnesses produced, and that therefore the defendant’s conviction was based solely upon their testimony.
The verdict found by the judge, according to the minutes of the court was “guilty of retailing.” That finding does not state what it was that defendant was guilty of retailing, nor does it state the date when the retailing was done. No objection, however, is raised to the form of the verdict; and it can only be reasonably construed as meaning guilty of retailing spirituo'us liquors for beverage purposes on May 29, 1923, as charged in the indictment, for defendant could not be found guilty of some offense not mentioned in the indictment or committed at some other time than on the date stated therein.
The appropriate proceeding would have been to amend the indictment so as to show the proper date, and if such amendment should have taken the defendant by surprise, his remedy would have been a request for time to procure his evidence, as provided in Section 1047 of the Revised Statutes.
We believe that the judge erred in each of the three rulings to which defendant has reserved his bills of exception. Evidence showing the offense charged against defendant to have been committed at some other time than that mentioned in the indictment was inadmissible as not relevant to the issue. Every sale of spirituous liquors for beverage purposes is a separate offense, and if defendant was found guilty under an indictment charging him with a .sale on May 29, 1923, by testimony -showing that he committed -the offense on some Sunday in April, 1923, then he would be subject to another prosecution for the latter offense and deprived. of his constitutional right to plead former jeopardy.
It must be remembered that the district attorney did not amend the present indictment as to the time of the commission of the offense, although he was permitted to do so by the ruling of the judge.
Defendant could not plead former jeopardy against an indictment charging him with an offense committed on some Sunday in April, 1923, on the ground that he had been convicted for a similar offense charged in another indictment to have been committed on May 29, 1923, for the latter is a distinct and separate offense. ■
The judge in his per curiam to bill No. 3 says that this is the'fifth time the defendant has been indicted for the same offense. This statement only accentuates the necessity for the rule 'that in a case of this kind, evidence *920 of the commission of the offense at some other time than that stated in the indictment is neither pertinent nor admissible, otherwise he might be convicted twice for the same offense. State v. Anderson, 136 La. 269, 66 South. 966; State v. Ryan, 131 La. 1054, 60 South. 681.
For these reasons it is ordered that the verdict and sentence in this case be set aside and annulled, and that the case be remanded to the district court for the parish of St. Tammany, to be tried, according to law and the views herein expressed.
DAWKINS, OVERTON, LAND, and THOMPSON, JJ., dissent.